HOBSON, Acting Chief Judge.
This case comes to us on appeal from dismissal of a complaint and poses the question of whether a swimming pool enclosure, allegedly erected in violation of setback restrictions recorded in general subdivision plan, can be the subject of injunctive relief to alleviate that alleged violation. The court below answered this question in the negative. We reverse.
On or about June 25, 1975, plaintiffs, residents of the Fairway Estates Fifth Division (Fairway). subdivision, learned that their neighbor, defendant/appellee herein, had been issued a building permit to erect a screen pool enclosure approximately six and one-half feet from the common side lot line which ran between the two homes. Thereafter plaintiffs on the same day and on June 27 advised in writing and orally the president of the subdivision’s owners’ association and the chairman of the Architectural Control Committee that they would not abide the proposed encroachment on the building setback requirement. This requirement, found in paragraph 3 of the Restriction Agreement for the Fairway subdivision states,
“3. BUILDING LINES: No structure shall be located less than twenty-five (25) feet from the front lot line. On any lot having a curved front lot line, no structure shall be loeáted less than twenty-five (25) feet from the middle point of the front lot line. No structure shall be located less than twenty-five (25) feet from any side street line nor less than ten (10) feet from any side lot line,” (emphasis supplied)
On or about the same day, June 25, 1975, plaintiffs similarly advised the foreman installing the pool on defendant’s premises. On July 15 this position was reiterated by letter to defendant’s husband. Despite this opposition, defendant proceeded to construct the screen enclosure with encroachments on the setback lines between two and one-half and over three feet in the southeastern and southwestern corners respectively.
Plaintiffs thereupon filed a complaint setting forth generally the above facts and seeking declaratory and injunctive relief. Specifically, plaintiffs sought to bind defendant to the setback restrictions and in addition sought an affirmative injunction for removal of that portion of the screen enclosure which encroached on the setback lines as designated. Defendant’s motion to dismiss was granted without prejudice, the court noting that the complaint lacked the necessary specificity in pleading. Shortly thereafter plaintiffs resubmitted an amended complaint essentially tracking the original, but with greater detail devoted to the pertinent provisions of the Fairway Restriction Agreement, and an allegation of irreparable damage which would result if the encroachment were not removed. Defendant again moved to dismiss. The court granted the motion to dismiss, specifically stating in part:
“A. That said Motion to Dismiss is granted in so far as the Plaintiffs remedy for the alleged breach of restrictions is limited to damages and not injunctive *646 relief unless the Plaintiffs can demonstrate that the Architectural Control Committee failed to review and/or act with regard to the Defendant’s construction.”
Holding that the facts well pled must be taken as true, we find that the amended complaint was sufficient to state a cause of action for the injunctive relief sought. Stephl v. Moore, 94 Fla. 313, 114 So. 455 (1927); Hagan v. Sabal Palms, Inc., 186 So.2d 302 (Fla.2d DCA 1966). We also note, without passing upon the issue of its binding effect, that the Restriction Agreement to the Fairway Subdivision is sufficient to afford plaintiffs the right to enforce its provisions in equity or at law, or both, Cf. Hagan, supra.[1] Accord Shroder Ocean Blvd. Associates v. Dewitt, 289 So.2d 787 (Fla.2d DCA 1974). We find no merit, for purposes of stating a cause of action, in that portion of the order below limiting injunctive relief to a demonstration by plaintiffs that the Architectural Control Committee failed to review and/or act with regard to the defendant’s construction.[2]
Accordingly, that part of the order below dismissing the complaint of plaintiffs as to their entitlement to injunctive relief is reversed and this cause is remanded for further proceedings consistent with the views expressed ¡herein.
REVERSED.
McNULTY and OTT, JJ., concur.

. The Restriction Agreement contemplates such enforcement actions. It provides in part in paragraph 23,
"ENFORCEMENT: Enforcement shall be by proceedings at law or in equity against any person or persons violating or attempting to violate any covenant either to restrain violation or to recover damages.”

. Paragraph 17 of the Restriction Agreement, designated “ARCHITECTURAL CONTROL COMMITTEE,” provides in part,
“The ‘Developers’ . . . their successors and assigns, shall constitute the Architectural Control Committee. The . . . Committee shall have authority to approve or disapprove plans and specifications and otherwise guide the development of the Subdivision as planned and restricted herein.”
Paragraph 18 of the agreement goes further to require written approval by the committee of any structure being built in the subdivision. We refrain from passing on the obligatory effect of these provisions, and whether such provisions may be construed to modify or obviate written setback restrictions contained elsewhere in the agreement. However, the committee’s lack of review and/or action on the defendant’s construction is not determinative, for purposes of stating a cause of action, of the plaintiffs’ right to injunctive relief. Plaintiffs’ allegations of a violation of the specific setback restriction, combined with an assertion of the binding nature of such restriction and the detrimental effect of its continued violation, were more than sufficient to state a cause of action. See generally, Fla.R.Civ.P. 1.110.