754 So.2d 160 (2000)
Grace McMILLAN and Becky Gary, Appellant,
v.
The OAKS OF SPRING HILL HOMEOWNER'S ASSOCIATION, INC., et al. Appellee.
No. 5D99-1884.
District Court of Appeal of Florida, Fifth District.
March 31, 2000.
*161 Darryl W. Johnston of Johnston & Sasser, P.A., Brooksville, for Appellants.
Mary L. Taylor of Prevatt & Taylor, Tampa, for Appellee.
ANTOON, C.J.
Grace McMillan and Becky Gary (Appellants) appeal the order granting an injunction enforcing the Declaration of Restrictions of The Oaks, the deed restrictions applicable to homeowners in The Oaks of Spring Hill subdivision, by requiring that Appellants remove a shed they placed on their residential property. The placement of the preconstructed shed violated the provision of the deed restrictions disallowing the erection of a shed and Appellants failed to prove the affirmative defenses of waiver, estoppel, acquiescence, unclean hands and selective enforcement. Therefore, we affirm.
Appellants are owners of a home in The Oaks of Spring Hill subdivision and are bound by the recorded deed restrictions. Paragraph 8 of the restrictions states that "[n]o shed, lean-to or detached building shall be erected upon any lot." Aware of this prohibition, Appellants contacted The Oaks of Spring Hill Homeowner's Association (the Association) to determine whether there would be objections to the placement of a shed on their property. A representative of the Association advised the Appellants that the placement of a shed on their property would violate the restrictions and was objectionable. Notwithstanding the prohibition contained in the deed restrictions and the objections of the Association, Appellants proceeded to place a preassembled shed in their yard. Thereafter, the Association and individual owners of property located in the subdivision, each in the capacity of individual property owners, filed an amended complaint for injunctive relief seeking removal of the shed.
Appellants filed an answer and affirmative defenses to the complaint in which they admitted they had placed a garden shed on their property, but denied that by doing so they had violated the deed restrictions. The affirmative defenses set forth assertions of waiver, selective enforcement, estoppel, and unclean hands. All the defenses were premised upon the theory that the Association had not enforced previous violations of the deed restrictions committed by other homeowners. These alleged violations included the improper parking of boats and the placement of gazebos on subdivision lots.
After Appellants filed their answer and affirmative defenses, Appellees moved for summary judgment. First, Appellees argued that the restrictions contained in paragraph 8 are not ambiguous and are *162 entitled to enforcement. Appellants, on the other hand, using dictionary definitions, argued that there was a meaningful distinction between the placement of a preassembled shed and the erection of a shed. Since Appellants placed a preassembled shed on their property instead of erecting one, Appellants argued that the deed restriction prohibiting the erection of sheds did not apply to them. On this issue, the trial court entered partial summary judgment in favor of Appellees.
It is obvious to us, as it was to the trial court, that the plain purpose of paragraph 8 was to prevent homeowners from maintaining sheds and similar structures on their property. This conclusion is not diluted by Appellants' intricate explanation regarding the subtle nuances attaching to the definitive verbs "to place" and "to erect." Although restrictive covenants should be narrowly construed, "they should never be construed in a manner that would defeat the plain and obvious purpose and intent of the restriction." Brower v. Hubbard, 643 So.2d 28, 29 (Fla. 4th DCA 1994). Regardless of whether they are built by a carpenter on site or deposited by a truck in a preassembled condition, the plain and obvious purpose of the restriction is to keep sheds out of the neighborhood.
Appellees also moved for summary judgment on Appellants' affirmative defenses. However, after consideration, the trial court denied the motion, leaving Appellants' affirmative defenses for trial as factual issues. At the conclusion of the trial, the trial court entered a detailed order ruling that Appellants had "failed to sustain their burden of proof in establishing sufficient acquiescence to constitute waiver, estoppel, or selective enforcement." Appellants contend this ruling was erroneous.
Appellants assert that the evidence at trial established that Appellees acquiesced to the following deed restriction violations by other property owners: 1) illegally parked boats at two homes and a recreational vehicle at another; 2) an illegal business in a home; 3) improper fencing; 4) a storage tank; 5) two wooden wishing wells; 6) a greenhouse; 7) a satellite dish; 8) solar panels in a yard; 9) a tree shade; and 10) two gazebos, one of which was owned by one of the appellees.
The trial court found that there had been a few violations of the deed restrictions with regard to the full-time parking of boats on subdivision property, but that only through extraordinary means could short-term parking violations be enforced. The only other violation the trial court found to exist pertained to gazebos. The court ruled that each gazebo was a "detached building" as defined in paragraph 8 of the restrictions. However, the trial court further found that Appellees had "a reasonable, colorable argument for not believing this to be a violation, in that it is reasonable to assume that a building would contain footers and something permanently affixed, while a gazebo may not." Finally, the trial court found that the Association did find and attempt to enforce many known violations, but did not file suit in these other instances.
Based on these findings, the trial court ruled that Appellants had failed to sustain their burden of proof in establishing sufficient acquiescence to constitute waiver, estoppel, or selective enforcement. The trial court's findings are supported by the evidence and its conclusions are legally correct. Accordingly, we affirm.
AFFIRMED.
DAUKSCH and W. SHARP, JJ., concur.