832 So.2d 870 (2002)
Thomas CAMPANIELLO, Appellant,
v.
AMICI PARTNERSHIP, a Florida General Partnership, by HGR, Inc., General Partner, Appellee.
No. 4D01-4842.
District Court of Appeal of Florida, Fourth District.
November 27, 2002.
Rehearing Denied January 15, 2003.
Steven A. Mayans and E. Cole FitzGerald, III, of FitzGerald, Hawkins, Mayans *871 & Cook, P.A., West Palm Beach, for appellant.
Bridget Ann Berry, Mark F. Bideau and Lorie M. Gleim of Greenberg Traurig, P.A., West Palm Beach, for appellee.
SHAHOOD, J.
We reverse and remand the trial court's granting of Final Summary Judgment because we hold there was a disputed question of material fact.
Thomas Campaniello (Campaniello), as the lessor of commercial restaurant property and Amici Partnership (Amici), as lessee, entered into a lease agreement whereby Amici agreed to pay Campaniello a set rent plus the larger of a consumer price index calculation or seven percent of Amici's "gross receipts." The exact language in the contract was the following:
commencing on September 1, 1996, the Tenant shall pay the Landlord, base rent plus consumer price index increases or seven percent (7%) of Tenant's annual gross receipts whichever shall be greater.
Three years later, a dispute arose as to what items should be included in the calculation of "gross receipts." Amici filed a complaint for declaratory judgment. The dispute centered on whether "gross receipts" was to include monies collected by Amici on behalf of the State of Florida for sales tax, tips to wait staff, which are charged by customers to credit cards and paid over by Amici to the wait staff, bank deposits outside of the ordinary course of business, and the value of complimentary meals or managers' meals. The parties eventually agreed on the classification of several of the terms, leaving the sales tax, charged tips and the value of complimentary meals as disputed items.
Amici filed a motion for summary judgment pursuant to which Campaniello filed an affidavit asserting that it was his understanding in executing the lease that "gross receipts" included taxes, charged tips, and other expenses. He stated that he "agreed to the `gross receipts' language because, in part, [he] wanted to avoid disputes as to which receipts were, or were not, to be a part of the percentage rent calculations."
Campaniello also filed the affidavit of Bruce Corn (Corn), a director of retail leasing/sales with a full service real estate company in West Palm Beach. Corn stated that he is familiar with percentage lease clauses and, in his opinion, "gross receipts" "refers to all receipts, except those which are specifically excluded in the lease. Sales tax receipts, charged tips, complimentary meals, and meals provided to managers are the type of exclusions which are sometimes, but not always, excluded in writing in percentage rent clauses."
Following a hearing on the motion, the court entered an order granting Amici's motion for final summary judgment and finding that,
complimentary meals and manager meals for which the Plaintiff receives no money, sales tax collected by Plaintiff and actually paid to the State of Florida, and tips which are actually paid to employees are not included within the definition of "gross receipts" under the percentage rent clause contained within the lease in question.
At issue in this case is the interpretation of the term "gross receipts" as used in the parties' lease agreement. Campaniello argues that the term is subject to various interpretations in various contexts, while Amici maintains that the term is unambiguous and, consistent with common usage and practice, includes only amounts actually received by Amici. The court found that the term was clear and unambiguous and, as a matter of law, did not include certain monies collected by the restaurant. We do not agree.
*872 The party moving for summary judgment must show conclusively the absence of any genuine issues of material fact. Moore v. Morris, 475 So.2d 666, 668 (Fla.1985). "If the evidence raises any issues of material fact, if it is conflicting, if it will permit different inferences, or if it tends to prove the issues, it should be submitted to the jury as a question of fact to be determined by it." Id. The trial court must interpret every possible inference in favor of the non-movant, and should not enter summary judgment unless the facts are so crystallized that nothing remains but questions of law. Id.
Construction of a contract is ordinarily a question of law for the trial court provided that the terms used are unequivocal, clear, undisputed, and not subject to conflicting inferences. See, e.g., Langner v. Charles A. Binger, Inc., 503 So.2d 1362 (Fla. 3d DCA 1987). However, when the terms of a written instrument are disputed and rationally susceptible to more than one construction, an issue of fact is presented which cannot properly be resolved by summary judgment. Id.; see also Birwelco-Montenay, Inc. v. Infilco Degremont, Inc., 827 So.2d 255 (Fla. 3d DCA 2001)(Summary judgment is inappropriate where the contract at issue is susceptible of two interpretations). Where each side argues that the contract is clear and unambiguous, but ascribes a different meaning to the "unambiguous" language, the contract is rendered ambiguous and summary judgment is improper. Birwelco-Montenay, 827 So.2d at 257.
By virtue of the parties' different interpretations of this allegedly "unambiguous" term, we hold that summary judgment was improper. The trier of fact should resolve the issue of what constitutes "gross receipts" in the context of this particular contract.
Based on the foregoing, we reverse and remand for a trial on the merits.
STEVENSON and HAZOURI, JJ., concur.