847 So.2d 1012 (2003)
Loretta PRISCO, Appellant,
v.
FOREST VILLAS CONDOMINIUM APARTMENTS, INC., a Florida not-for-profit corporation, Appellee.
No. 4D02-1409.
District Court of Appeal of Florida, Fourth District.
April 30, 2003.
Rehearing Denied July 3, 2003.
James L. Kershaw, Eustis, for appellant.
Rhonda Hollander of The Law Office of Rhonda Hollander, P.A., Hollywood, for appellee.
SHAHOOD, J.
Appellant, Loretta Prisco (Prisco), appeals the final judgment entered in favor of appellee, Forest Villas Condominium Apartments (Forest Villas). The main issue presented in this appeal is whether the trial court erred in granting summary judgment, and ultimately final judgment, in favor of Forest Villas in its action to enjoin appellant from keeping a dog in contravention of the association's pet restriction. A secondary issue is whether the court further erred in finding that the appellee did not selectively enforce the pet restriction provision of the association's rules with respect to appellant's dog. Holding the trial court erred as to both issues raised, we reverse and remand with directions that this matter proceed to trial.
Forest Villas filed a complaint against Prisco, seeking to enjoin her from keeping a dog in violation of the condominium association's pet restriction. Prisco had signed a form acknowledging receipt of Forest Villa's rules and restrictions and agreeing to abide by them at the time she purchased her unit in Forest Villas in 1995. The specific restriction she was alleged to *1013 have violated was added to the Declarations in 1979 and states the following:
ARTICLE V, PARAGRAPH 8
Use RestrictionsPets shall be permitted only in the portions of the public condominium areas as may be designated by the Association from time to time. Such pets must be at all times under the owner's control and restraint. Pets shall be limited to not more than one common, domestic, household pet. The owner shall indemnify the Association and hold it harmless against any loss or liability of any kind or character whatsoever arising from or growing out of having any pet at FOREST VILLA.
The Board is cognizant that dogs are currently being harbored in units of FOREST VILLA CONDOMINIUM. These dogs shall be permitted to remain so long as they shall live. It is emphatically agreed that upon their demise, these animals shall not be replaced. Further, with the exception of these dogs, no pet of any kind whatsoever, except fish and/or birds, shall ever be permitted to be harbored in FOREST VILLAS....
Prisco answered the complaint raising the affirmative defense of selective enforcement of the rules. Specifically, she asserted that since the 1979 amendment to the Declarations and at all times subsequent, there have been numerous cats harbored in the condominium units and the Association has made no attempt to enforce the pet restriction against those owners. In addition, Prisco asserted that there were two other dogs on the premises, yet no attempt to enforce the restrictions had been made against their owners.
Thereafter, Forest Villas filed a Motion for Summary Judgment. The affidavit of Ann Taylor (Taylor) was filed in support of the motion. Taylor's affidavit stated that this action was begun when a neighbor complained of hearing barking dogs in Prisco's unit. As a result, two Board members approached Prisco and verbally warned her to remove the dogs as they were in violation of the declaration. The dogs were not removed and the Board issued several additional verbal warnings. Finally, a written letter was forwarded to Prisco by the Board's attorney; the letter gave notice that the dogs should be removed or suit would be filed. When Prisco did not respond, the Association filed suit. According to Taylor, when Prisco raised the issue of other pets being on the premises and provided names and addresses of the violating unit owners, the Association began the enforcement process with those owners as well. Taylor claimed that all other violations were either pursued and resolved, or the enforcement process was still pending.
In response, Prisco filed the affidavit of Patricia Devin who stated that she resides at Forest Villas and has, for eight of the last nine years, had a cat in her residence, and now has two cats. She stated that it was Taylor who gave her permission to keep the cats and Taylor who assured her that the cats would be grandfathered in and the Board would not enforce the restriction against her. In addition, Devin stated that she has seen cats in the windows and on the balconies of many units and there are at least five or six cats whose presence in the apartments is open and notorious.
Prisco also filed the affidavit of Michael Malicoat who stated that he moved into Forest Villas in 1993. From that time to the present he has had the same dog. In 1998, the Association attempted to enforce the "no pet" restriction against him, but was unsuccessful. The result was an agreed judgment allowing him to keep his dog. Malicoat also stated that he has seen cats in apartment windows and on apartment *1014 balconies and their presence is open and notorious.
Following a hearing, the court entered an order granting Forest Villas' motion for summary judgment only on the issue of selective enforcement of the restriction with regard to cats. In the order, the court stated, "Cats are not the same as dogs, and the condominium allowing a cat on the premises does not equal to disallowing a dog" because "dogs clearly bark, cats do not, dogs need to be walked outside of their home, cats do not as they use litter boxes for the most part." The court acknowledged that the restrictions allow only fish and birds and no other animal of any kind, but nevertheless found that "[n]one of them require outside activity and they don't require to defecate and urinate. As such, this Court finds that cats and dogs are not similarly alike." However, summary judgment was not granted as to the entire case. The court scheduled a trial on the sole issue of "why the Association allowed Mr. Malicoat to remain on the premises with his dog, (by virtue of an Agreed Final Judgment), and why they are not allowing Ms. Prisco to remain on the premises with her two dogs."
A trial was had on the issue of Malicoat's dog. The evidence was that Malicoat purchased his unit in 1974 and lived there until approximately 1978. In 1979, the Declaration was amended; however, Malicoat apparently had no knowledge of the amendment. In 1994, he moved back into the condominium, this time with a dog. Prior to the 1979 amendment, the Declarations allowed one dog per unit, weighing less than twenty pounds.
Following trial, the court entered final judgment in favor of Forest Villas. The court found that, in Malicoat's case "what the Board did was exactly that which is contained in the 1979 amendment to Article V Paragraph 8 of the Bylaws." In other words, the Board allowed Malicoat's dog to be grandfathered in and not be replaced upon his demise. Although this result was based on the Board's erroneous understanding that the dog had lived in the condominium prior to the 1979 amendment, the court found that the Board had entered into the agreed judgment with Malicoat with a good faith belief that the dog was entitled to be grandfathered in. With regard to Prisco, the court ruled that she had no ability to rely on the fact that there was another dog on the property and she was "charged with the knowledge of the Amendment to which she signed in acknowledgment of receipt that any dogs that existed were grandfathered in or allowed to remain for their lifetime and could not be replaced upon their demise."
Consequently, the court concluded that there is no arbitrary or capricious enforcement of the Bylaws of the Condominium Association. There is no selective enforcement. The Bylaws seek to serve a legitimate right of the Association to protect it's [sic] property, it's [sic] values, and for health and well-being of all who live there.
"Restrictions found within a Declaration are afforded a strong presumption of validity, and a reasonable unambiguous restriction will be enforced according to the intent of the parties as expressed by the clear and ordinary meaning of its terms, and only where intent cannot be ascertained will the covenant not be enforced." See Emerald Estates Cmty. Ass'n v. Gorodetzer, 819 So.2d 190, 193 (Fla. 4th DCA 2002)(citing Eastpointe Property Owners' Ass'n v. Cohen, 505 So.2d 518, 519 (Fla. 4th DCA 1987)) (noting each owner purchases knowing of and accepting the restrictions found within the Declaration). A party challenging the enforcement of an otherwise valid restrictive covenant has the burden to prove defensive *1015 matters that preclude enforcement, such as the enforcing authority acted in an unreasonable or arbitrary manner. Id. (citing Killearn Acres Homeowners Ass'n v. Keever, 595 So.2d 1019, 1021 (Fla. 1st DCA 1992)).
With regard to the Board allowing cats, the court ruled in favor of Forest Villas, finding that there was no selective enforcement because cats are not the same as dogs. Appellant argues, and we agree, that this was error. The restriction is clear and unambiguous and states that, other than fish and birds, "no pets whatsoever" shall be allowed. The fact that cats are different from dogs makes no difference. What does matter is that neither a cat nor a dog is a fish or a bird, so both should be prohibited. Restrictive covenants should be narrowly construed, but should not be construed in a manner that would defeat the plain and obvious purpose and intent of the restriction. See generally Brower v. Hubbard, 643 So.2d 28, 29 (Fla. 4th DCA 1994). In this case, the clear purpose of the restriction is to prohibit all types of pets except fish and birds. The trial court's interpretation defeats that plain and obvious purpose. Thus, with regard to this issue, Prisco has shown that the Board is selectively enforcing the restriction and the summary judgment in favor of Forest Villas must be reversed.
With regard to Malicoat's dog, Prisco argues that, by virtue of entering into an agreed judgment in which Malicoat was allowed to keep his dog, the Board was selectively and arbitrarily enforcing the pet restriction because the evidence clearly showed that Malicoat's dog was not on the premises prior to the change in the declaration. Again, we agree with Prisco's position as to Malicoat's dog.
We, accordingly, reverse and remand with directions that this matter proceed to trial with appellant being allowed to raise her affirmative defense of selective enforcement.
REVERSED AND REMANDED.
TAYLOR, J., and FLEET J. LEONARD, Associate Judge, concur.