TAYLOR, J.
Mariano and Rene Gonzalez appeal a final summary judgment granting permanent injunctive relief to the Flamingo Estates Maintenance Association, Inc. (“Flamingo”). The mandatory injunction, which resulted from unauthorized modifications appellants made to the exterior of their home, requires appellants to alter the dimensions of their patio, relocate their hot tub, remove unapproved landscaping, and enclose a screen over the hot tub and Tiki hut, to comply with the architectural plans originally approved by Flamingo.
We reverse the order granting Flamingo’s summary judgment motion as to the Gonzalezes’ affirmative defense that Flamingo’s actions in denying their request for deviations from the approved plan were arbitrary, capricious, and unreasonable. As to this defense, there remained genuine issues of material fact precluding summary judgment. See Prisco v. Forest Villas Condo., 847 So.2d 1012, 1014 (Fla. 4th DCA 2003)(recognizing that a homeowner may defend against enforcement of an otherwise valid restrictive covenant on the ground that the enforcing authority acted in an unreasonable or arbitrary manner); Killearn Acres Homeowners Ass’n v. Keever, 595 So.2d 1019, 1021 (Fla. 1st DCA 1992)(holding that the party challenging enforcement of a restrictive covenant has the burden of proving defensive matters such as unreasonable or arbitrary enforcement, and noting that the burden is a heavy one where the enforcing party has the absolute right to approve or disapprove any plans which it deems are not suitable or desirable, even for purely aesthetic reasons); Anderson v. Rosetree Vill. Ass’n, 540 So.2d 173 (Fla. 2d DCA 1989)(holding that where the townhouse association did not controvert the defense of arbitrary and capricious action factually or establish its legal insufficiency, the summary judgment must be reversed).
We affirm as to all other issues raised by appellants, but reverse and remand for further proceedings to allow appellants to present their affirmative defense of unreasonable or arbitrary enforcement.
AFFIRMED in part, REVERSED in part, and REMANDED.
WARNER and KLEIN, JJ., concur.