885 So.2d 435 (2004)
GEM ESTATES MOBILE HOME VILLAGE ASSOCIATION, INC., Appellant,
v.
Vicki BLUHM, Appellee.
No. 2D03-5605.
District Court of Appeal of Florida, Second District.
October 20, 2004.
*436 Charles D. Waller of the Law Office of Charles D. Waller, P.A., Dade City, for Appellant.
Larry S. Hersch of Hersch & Kelly, P.A., Dade City, for Appellee.
CANADY, Judge.
Gem Estates Mobile Home Village Association (the Association), a not-for-profit association of owners of mobile home lots in the Gem Estates mobile home park (Gem Estates), appeals the denial of injunctive relief with respect to an alleged violation of the setback requirements in a recorded restrictive covenant. Because we conclude the trial court misinterpreted the pertinent setback provision, we reverse.

Background
The Association sought injunctive relief with respect to appellee Vicki Bluhm's addition to her mobile home of an attached, enclosed screen porch. The Association contended that the addition was a violation of a recorded restriction applicable to each mobile home in Gem Estates. The restriction at issue states, in pertinent part, that "each mobile home shall be set back fifty (50) feet from the center line of the street which it faces." The parties stipulated that the addition of the porch caused Bluhm's structure to be thirty-seven feet from the center line of the street. The restrictions also provide that "[a]ll mobile homes and utility buildings shall be approved by the Board of Directors before being placed on any lot." It was uncontroverted that Bluhm did not seek approval for the porch. Bluhm also admitted that she was aware of the fifty-foot setback requirement when she caused the porch to be added to her mobile home. An additional provision of the restrictions contains standards for materials used in constructing and a ninety-day time limit to complete construction of "[a]ll detached rooms, porches, utility buildings placed on any *437 parcel and all additions to each mobile home." The provision further provides that "[a]ny detached buildings shall be constructed or placed no closer than six (6) feet to the back parcel line."
After a brief evidentiary hearing, the circuit court judge placed an oral decision on the record denying relief to the Association. In justifying its ruling, the court cited the definition of mobile home in section 723.003(3), Florida Statutes (2003):
The term "mobile home" means a residential structure, transportable in one or more sections, which is 8 body feet or more in width, over 35 body feet in length with the hitch, built on an integral chassis, designed to be used as a dwelling when connected to the required utilities, and not originally sold as a recreational vehicle, and includes the plumbing, heating, air-conditioning, and electrical systems contained therein.
According to the circuit court, the porch, which was affixed to Bluhm's mobile home at the roof, was not a mobile home because the porch had no wheels or chassis. The porch was completely attached to the ground and was not transportable. The court stated that because the porch was not a mobile home it was not subject to the fifty-foot setback requirement in the restrictions. The court also stated that since the restrictions specifically mentioned the construction of porches, it was contemplated that the mobile home owners might add to a mobile home a porch or other structures subject to the construction material requirements and the ninety-day construction time limit in the restrictions. The court also concluded that the six-foot setback provision with respect to "detached buildings" was inapplicable to the porch since it was attached to the mobile home. The court also reasoned that the porch was neither a mobile home nor a utility building and therefore was not subject to preapproval by the board. Having concluded that the porch did not have to comply with the fifty-foot setback requirement and that approval of the board was not required for addition of the porch to the mobile home, the circuit court denied the application for injunctive relief.

Analysis
The trial court's ruling regarding the meaning of the restrictive covenant provisions is subject to de novo review. See Klak v. Eagles' Reserve Homeowners' Ass'n, 862 So.2d 947, 954 (Fla. 2d DCA 2004); see also Kaplan v. Bayer, 782 So.2d 417, 419 (Fla. 2d DCA 2001) ("Because interpretation of a contract is a question of law, we apply a de novo standard of review."). In interpreting restrictive covenant provisions, a court should give effect to the commonly understood meaning of the words of the pertinent provisions. See Klak, 862 So.2d at 954 (holding that the trial court erred in interpreting a provision of homeowners' association declaration because court "neglected to give effect to the commonly understood meaning" of pertinent terms); see also Interfirst Fed. Sav. Bank v. Burke, 672 So.2d 90, 92 (Fla. 2d DCA 1996) ("Contract language must be given its plain meaning."); Schechtman v. Grobbel, 226 So.2d 1, 3 (Fla. 2d DCA 1969) ("[C]learly written provisions of contracts entered into by ordinary men should be construed in the light of common understanding."); Beans v. Chohonis, 740 So.2d 65, 67 (Fla. 3d DCA 1999) (stating principle of contract interpretation that words must be "given their plain and ordinary meaning").
In ruling that the porch could be added to the mobile home, with the resulting structure within thirty-seven feet of the center line of the street, the circuit court failed to give effect to the plain meaning of the fifty-foot setback requirement. The trial court's error arose from *438 its failure to recognize that when a porch is added to the structure of a mobile home (or manufactured housing unit) that porch becomes a part of the mobile home. The term "mobile home" is commonly understood to encompass any building structures that are attached to or built onto the manufactured housing unit. The porch of a mobile home is as much a part of the mobile home as the porch of a brick home is a part of the brick home.
Under the circuit court's interpretation, any mobile home owner in Gem Estates could totally subvert and nullify the effect of the front setback requirement and build to the street simply by making an addition to a mobile home. While "restrictive covenants should be narrowly construed, `they should never be construed in a manner that would defeat the plain and obvious purpose and intent of the restriction.'" McMillan v. Oaks of Spring Hill Homeowner's Ass'n, 754 So.2d 160, 162 (Fla. 5th DCA 2000) (quoting Brower v. Hubbard, 643 So.2d 28, 29 (Fla. 4th DCA 1994)); accord Prisco v. Forest Villas Condo. Apartments, Inc., 847 So.2d 1012, 1015 (Fla. 4th DCA 2003). The general rule is
that a reasonable, unambiguous restriction will be enforced according to the intent of the parties, as expressed by the clear and ordinary meaning of its terms. If it is necessary to construe a somewhat ambiguous term, the intent of the parties as to the evil sought to be avoided expressed by the covenants as a whole will be determinative.
Eastpointe Prop. Owners' Ass'n v. Cohen, 505 So.2d 518, 519 (Fla. 4th DCA 1987); see also Imperial Golf Club, Inc. v. Monaco, 752 So.2d 653, 654 (Fla. 2d DCA 2000) (holding that restriction that no fences, hedges, or other obstructions be constructed around or near the boundaries of property was designed to provide homeowners with a clear view of the golf course and construction of a shelter and restroom facility near an owner's property violated the restriction, reasonably construed, taking into account its intent); Pelican Island Prop. Owners Ass'n v. Murphy, 554 So.2d 1179, 1181 (Fla. 2d DCA 1990) (stating that the court would enforce construction standards in a restriction with respect to a noncompliant carport, the restriction having been established "`with a view to preserve the symmetry, beauty, and general good of all interested in the scheme of development'") (quoting Stephl v. Moore, 94 Fla. 313, 114 So. 455 (1927) (concerning a setback restriction)).
Our interpretation of the Gem Estates front setback requirement is simply an application of the general rule that when an addition to a home that is originally within a setback requirement of a restrictive covenant causes the structure to violate the setback requirement, the setback requirement contained in a restrictive covenant can be enforced with respect to the structure which became noncompliant as a result of the addition. See Watson v. Buchanan, 344 So.2d 644 (Fla. 2d DCA 1977) (holding that setback requirement could be enforced with respect to added swimming pool enclosure); Daniel v. May, 143 So.2d 536 (Fla. 2d DCA 1962) (holding that setback was enforceable with regard to carport addition).
The circuit court attempted to distinguish the porch from the mobile home on the ground that the porch was permanently affixed to the site and because the porch itself was not a mobile home under the statutory definition in section 723.003(3). The trial court's reliance on the statutory definition  which is found in the Florida Mobile Home Act  is entirely misplaced. The sole function of that definition is to demarcate  together with other pertinent provisions of chapter 723  the type of properties to which the protections *439 of the Mobile Home Act are applicable. The definition has no application outside the context of chapter 723. See § 723.003 ("Definitions  As used in this chapter, the following words and terms have the following meanings....") (emphasis supplied). The statutory definition thus has no relevance to the interpretation of the Gem Estate restrictions. Moreover, there is nothing in the definition itself which is inconsistent with the common understanding that additions to mobile homes become a part of the mobile home.
The trial court's attempt to distinguish between the porch as something permanently located and the mobile home as something not permanently located is also unavailing. The court apparently reasoned that to be a mobile home a structure must be mobile and that the porch did not fall within the scope of the fifty-foot setback because it was not mobile. The fallacy involved here is apparent when we consider that a mobile home structure to which a porch is attached thereby loses whatever mobility it previously possessed. In its altered condition, the manufactured housing unit owned by Bluhm was no more mobile than the porch to which it was attached. But under the restrictions, the absence of mobility does not transform the manufactured housing unit into something other than a mobile home. Nor does the absence of mobility prevent the porch from being considered part of the mobile home.
The provision of the restrictions pertaining to the construction of porches, cited by the circuit court, does not provide any basis to exclude Bluhm's mobile home with the attached porch from the scope of the fifty-foot setback requirement. Part of the cited provision contains a ninety-day construction time limitation and construction material standards for porches and other enumerated structures. The six-foot setback mentioned therein pertains only to "detached buildings," which the porch is not. In addition, the six-foot setback requirement concerns distance from the side of the parcel, not from the structure to the center line of the street which the structure faces. The fifty-foot front setback requirement which is at issue here is not affected by the six-foot side setback requirement for "detached buildings." There is nothing in the provision pertaining to the construction of porches which indicates that the resulting structures are not subject to the fifty-foot front setback requirement. The restrictions contemplate the construction of porches, but the restrictions also contemplate compliance of the resulting structure with the applicable setback requirements.
The circuit court correctly noted that the provision of the restrictions requiring that "all mobile homes and utility buildings shall be approved by the Board of Directors before being placed on any lot" does not specifically provide that an addition to a mobile home be preapproved by the board. The Association argued that any permanent addition to a mobile home requires preapproval by the board. In view of the fact that our interpretation of the fifty-foot setback requirement is dispositive, we need not address the issue of whether preapproval was required. In any event, we note that the restrictions do not appear to contemplate the approval by the board of structures that violate the applicable setback requirements.

Conclusion
Because the circuit court erred in its interpretation of the pertinent setback provision, the judgment of the circuit court is reversed and the matter is remanded to the circuit court with directions for entry of a judgment in favor of the Association, including a declaration that the addition of the porch violated the setback restriction, an injunction directing removal of the addition, *440 and an award of attorneys' fees to the Association for fees incurred before the circuit court, as provided in the recorded bylaws of the Association.
Reversed and remanded with instructions.
WHATLEY and DAVIS, JJ., Concur.