992 So.2d 431 (2008)
REAMCO DEVELOPMENT CORP., Appellant,
v.
499 CORPORATION, Sterling Title Agency, Inc., JHB Florida Properties, LLC., James H. Batmasian and Marta Batmasian, Appellees.
No. 4D07-3542.
District Court of Appeal of Florida, Fourth District.
October 22, 2008.
*432 Robert A. Stok of Stok & Associates, P.A., Aventura, for appellant.
Steven D. Reiss and Robert Sweetapple of Sweetapple, Broeker & Varkas, Boca Raton, for appellees 499 Corporation, JHB Florida Properties, LLC, James H. Batmasian, and Marta Batmasian.
Geralyn M. Passaro of Stephens, Lynn, Klein, La Cava Hoffman & Puya, P.A., Fort Lauderdale, for appellee Sterling Title Agency, Inc.
KLEIN, J.
The issues in this appeal are whether the buyer should have lost his deposit under a real estate contract and whether the buyer has a cause of action against the title insurance agency for misadvising the buyer as to when the due diligence period ended. We affirm summary judgments in favor of the seller and the title agency.
The original contract had an effective date of February 1 and provided for a forty-five day due diligence period, after which the deposit would be non-refundable. During the due diligence period the buyer, Reamco, could terminate for any reason and receive a full refund. The *433 seller was shown as James Batmasian, but on February 9 an addendum reflected that the sellers were 499 Corp., Batmasian, and his wife Marta. Shortly after that another addendum again changed the names of the sellers, but Batmasian was the principal of both selling companies. Each addendum provided that the effective date of the contract remained February 1 and all other terms of that contract were confirmed.
The sellers hired Sterling Title Agency to provide the title insurance. Both parties were represented by counsel. On March 17 the buyer received a letter from the vice president of Sterling stating he believed the due diligence period expired on March 28, which he computed as forty-five days running from the date of the last addendum, rather than from the date of the original contract. That letter provided as follows:
I believe the buyer's due diligence period expires on March 28, 2005. I used the date of the last Addendum to start the clock.
Please let me know by that date if the buyer is satisfied and prepared to close on or before April 30, 2005.
Buyers relied on this letter and assumed it changed the due diligence period from what was provided in the original contract. On March 24 the buyer notified the sellers that it was terminating the contract and requested a return of the deposit; however, the sellers took the position that the due diligence period had expired.
The buyer filed this suit against the sellers and Sterling, alleging breach of contract against the sellers and negligence against Sterling. The court granted the sellers' motion for summary judgment, determining that the contract provided for an effective date of February 1, that the forty-five day due diligence period had expired before buyer notified seller of cancellation, and buyer was not entitled to return of the deposit. The court also granted Sterling's motion for summary judgment regarding the negligence claim.
The buyer first argues that, under the terms of the contract, the forty-five day due diligence period did not begin to run until the second addendum to the contract was signed. Each addendum, however, provided that the effective date of the contract was February 1, and all other terms of the original contract were confirmed. For that reason the addendums did not extend the due diligence deadline beyond the deadline in the original contract.
In the alternative, buyer argues that it relied to its detriment on the letter from the agent of the seller, Sterling, to the effect that the due diligence period expired on a later date. But for that letter, which buyer received before the original due diligence date had expired, buyer could have avoided forfeiting its deposit. The problem with buyer's argument is that the seller, Batmasian, testified that he hired Sterling for the sole purpose of providing title insurance, and there is no evidence in the record to contradict his testimony. Although it is not necessary to our conclusion, we would note, as we pointed out earlier, that both parties were represented by counsel. Buyer has cited no authority which would support its argument that the title insurance agency could alter the terms of the contract or otherwise bind the sellers under these facts. Accordingly, even when we examine this record in the light most favorable to buyer, Campaniello v. Amici P'ship, 832 So.2d 870 (Fla. 4th DCA 2002), sellers were entitled to a summary judgment.
We next address the buyer's negligence claim against Sterling, which is grounded on First Florida Bank, N.A. v. Max Mitchell & Co., 558 So.2d 9 (Fla.1990), in *434 which the court recognized a common law cause of action for negligence against a professional, despite the lack of a direct contract between the professional and the aggrieved party. The court explained:
(1) One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance on the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.
(2) ... the liability stated in Subsection (1) is limited to loss suffered
(a) by the person or one of a limited group of persons for whose benefit and guidance he intends to supply the information or knows that the recipient intends to supply it; and
(b) through reliance upon it in a transaction that he intends the information to influence or knows that the recipient so intends or in a substantially similar transaction.
Id. at 12 (quoting section 552, Restatement (Second) of Torts (1976)).
The problem with the buyer's theory of recovery is that the letter does not contain "false information," but rather the expression of a belief as to when the due diligence period expires with an explanation of how the author of the letter reached that conclusion. In Max Mitchell and First American Title Insurance Co. v. First Title Service Co. of the Florida Keys, Inc., 457 So.2d 467 (Fla.1984), also relied on by the buyer, the false information was factual, not opinion. In Max Mitchell the defendant CPA provided an audited financial statement of a borrower seeking a loan to a bank. The financial statement failed to reflect debt of at least $750,000, as well as overstating the assets and net income. In First American, the title insurance company failed to note the existence of a recorded judgment.
We have considered the other issues raised by the buyer and find them to be without merit. Affirmed.
FARMER, J., and BARZEE FLORES, MARY, Associate Judge, concur.