BARFIELD, J.
The appellant challenges a final summary judgment, raising two issues: I. Whether the trial court erred in granting final summary judgment in favor of the appellees based on its narrow construction of the term “building” in a deed restriction, allowing appellees to erect a billboard without prior approval; and II. whether the trial court erred in finding that there is no claim against Lamar for tortious interference of the appellant’s contract with appellee Visconti. We affirm as to the issue II without discussion.
We reverse the final summary judgment as to the issue I, holding that the trial court erred by granting final summary judgment for Visconti and Lamar based on its ruling that the term “building” as used in the Killearn deed restriction was not ambiguous, in spite of clear indications that the term has been susceptible to different interpretations by the courts as well as by the parties in this case. Furthermore, the trial court erred by interpreting the ambiguous term “building” in accord with the definition used in the Tallahassee Land Development Code without fully applying relevant concepts of law to interpret the purpose and *53 intent of the restriction by looking at the language of the restriction as a whole and allowing extrinsic evidence to ascertain the purpose and intent. See Strama v. Union Fidelity Life Ins. Co., 793 So.2d 1129 (Fla. 1st DCA 2001).
The restriction at issue reads as follows: No building shall be erected, placed or altered on said tract until the construction plans and specifications and a plan showing the location of the structure or structures and landscaping upon said tract or parcel have been approved by the President of Killearn Properties, Inc., as to quality of workmanship and materials, harmony of external design with existing or proposed structures in the Killearn Estates Subdivision, and location with respect to topographical and finished grade elevation.
The trial court expressly found that the term “building” as used in the covenant was not ambiguous even though another Second Circuit judge construed the same term in the same deed restriction a few years earlier and interpreted the restriction more broadly, finding that it applied to the construction of a cell phone tower.[1] The fact that two circuit court judges have interpreted the same covenant terms in two different ways demonstrates that the term in dispute is reasonably susceptible to more than one interpretation. Furthermore, where, as here, each side argues that the language is clear and unambiguous, but ascribes different meaning to the “unambiguous” language, the provision is rendered ambiguous, and summary judgment is improper. See Campaniello v. Amici Partnership, 832 So.2d 870 (Fla. 4th DCA 2002). Therefore, there is a genuine issue of material fact as to the interpretation of an ambiguous provision, precluding summary judgment in this case. See Strama, 793 So.2d at 1132.
In addition, we find that the trial court erred by construing the term “building” in accord with the definition of “building” in the Tallahassee Land Development Code. It was improper for the court to look to an outside source to determine the meaning of the word “building” as used in the restriction, rather than first considering the language of the deed restriction as a whole. See Strama, 793 So.2d at 1133— 34 (reversing a summary judgment for an insurer where the trial court improperly relied on workers’ compensation law to interpret the term “total disability” in an insurance contract, and the trial court did not properly resolve the contract ambiguity); Gem Estates Mobile Home Village Ass’n, Inc. v. Bluhm, 885 So.2d 435 (Fla. 2d DCA 2004).
In Gem Estates, the Second District reversed a trial court’s interpretation of language in a private land restriction where the trial court had applied the definition set forth in the Florida Mobile *54 Home Act, Chapter 723, Florida Statutes. In reversing, the Second District held that the trial court’s reliance on the statutory definition to interpret a term of a restrictive covenant was “entirely misplaced.” Id. at 438-39. The court specifically stated,
The sole function of that definition [in statute] is to demarcate — together with other pertinent provisions of chapter 723 — the type of properties to which the protections of the Mobile Home Act are applicable. The definition has no application outside the context of chapter 723.
Id. Likewise, the sole function of the definition of “building” in the Tallahassee Land Development Code is only to demarcate the types of buildings controlled by that code. Government regulation of land use does not control the meaning or application of a deed restriction. Id.
When the terms of a written document are ambiguous and susceptible to different interpretations, extrinsic evidence may be considered by the court to ascertain the intent of the parties or to explain or clarify the ambiguous term. Friedman v. Virginia Metal Products Corp., 56 So.2d 515, 517 (Fla. 1952); Emerald Pointe Property Owners’ Ass’n, Inc. v. Commercial Constr. Industries, 978 So.2d 873 (Fla. 4th DCA 2008). On remand the trial court may consider extrinsic evidence to ascertain the intent of the parties or to explain or clarify the ambiguous term “building” in the deed restriction.
The final summary judgment is AFFIRMED in part, REVERSED in part, and REMANDED to the trial court for further proceedings.
DAVIS and ROBERTS, JJ., concur.

. In 1998, litigation was initiated over the validity and meaning of the same restriction which is at issue here, when the owner of another covenant-restricted commercial lot allowed a cell-phone tower to be erected that had not been approved prior to construction as required by the restriction. There, the Killearn Homes Association successfully enforced the restriction to compel removal of the cell-phone tower. In that case Second Circuit Court Judge Terry Lewis ruled in a final order entered January 15, 1999, that "|t]he cell phone tower was a building or structure within the meaning of the restrictive covenant,” and "[t]he lot owner violated the restrictive covenants by erecting the tower without obtaining prior approval of the Association.” The lot owner and its lessee (the cell phone company) were ordered to "immediately remove the subject tower and appurtenances” and were "permanently enjoined from recommencing construction thereof without approval of Plaintiff (Association) in compliance with the restrictive covenants.” The 1999 judgment was not appealed.