PER CURIAM.
Since 2003, Amelia Island Restaurant II, Inc. has operated PLaE, the only full-service restaurant located in the Shops at Amelia Island Plantation in Nassau County. When PLaE’s lease came up for renewal in 2012, things did not go very smoothly with the landlord, Omni Amelia Island, LLC. The Restaurant and Omni contested PLaE’s eligibility to renew the lease and whether the lease’s exclusivity provision remained effective to prevent another full-service restaurant from operating in the Shops. At trial, each side won something. The Restaurant won the right to renew the Lease for another five years; Omni prevailed on the exclusivity issue. Each party then appealed its loss. We now affirm the trial court’s decision to allow the Restaurant to renew the Lease, but reverse and remand in favor of the Restaurant on the exclusivity issue.

Renewal of the Lease

Under the terms of the Lease, the Restaurant had an option to renew for a third five-year term in 2013, under certain conditions. It could renew “provided ... that [it was] not in default in its performance of any of the terms or conditions of this Lease on either the date that [it] gives Landlord written notice ... of [its] election to exercise the Option or on the last day of the ... First Option Term.” The parties agree that the Restaurant was not in default on the last day of the option term, May 1, 2013. But they disagree whether the Restaurant’s performance was in default seven months earlier on the date it provided notice of electing to renew the lease, September 25, 2012. Omni argues that the Restaurant was forever barred from renewing as of the September date because it owed Omni interest on earlier, late-paid rent payments and a $50 processing fee. The trial court found, however, that the Restaurant was not in default on the September date. And we affirm because its finding is supported by competent, substantial evidence-particularly the *28 letter from Omni’s attorney just after delivery of the renewal notice stating that the Restaurant could exercise the option after addressing other (non-interest and non-processing fee) issues.

The. Lease’s Exclusivity Provision

We also conclude that section 542.335, Florida Statutes, does not require invalidation of the Lease’s exclusivity provision. As did the Fourth District in Winn-Dixie Stores, Inc. v. Dolgencorp, Inc., 964 So.2d 261, 268 (Fla. 4th DCA 2007), we question section 542.335’s application to real property-related restrictive covenants, because the law appears directed at personal covenants not to compete. We recognize differences between Dolgen-corp and this case, however, because the Lease here did not express an intention of the parties tó create a real property covenant running with the land, nor did the Restaurant and Omni record the Lease with the county. Further, where Dolgen-corp involved an indefinite covenant running with land, the Lease here effectively fixed the duration of the exclusivity provision with the Restaurant, via the Lease’s initial five-year term and maximum of three potential renewal periods. The Lease gave Omni “absolute discretion” to reject an assignment by the Restaurant based upon “any factors that it deem[s] pertinent, including, without limitation, the type of business to be conducted by the transferee.” Not only was Omni free to reject assignments and preclude' any assignees from assuming the benefits of the restrictive covenant, but the Lease’s assignment provision did not require would-be assignees to even operate a restaurant (a scenario that would seemingly render the restaurant exclusivity provision superfluous).
In view of the Lease’s characteristics, even if section 542.335(1) applies to the exclusivity provision here as Omni insists, there is no evidentiary support for the conclusion that the restrictive covenant is not “reasonable in time.” The landlord’s corporate representative gave no testimony concerning the reasonableness of the length of the exclusivity provision. And the only two witnesses to address the issue stated that its length was justified for legitimate business reasons.
The witness representing the prior landlord, Amelia Island Company, opined that the long term was reasonable because of the substantial initial investment that the Restaurant had to make in the property. The Restaurant’s witness echoed the understanding of the Amelia Island Company’s witness, testifying that the exclusivity provision’s length was necessary because of its “substantial investment into the restaurant” and having to pay off an SBA loan over a ten to twelve year period. The Restaurant would “absolutely not have signed” the Lease without the exclusivity provision due to “the amount of investment in the building, in someone else’s property.” Restricting direct competition at the Shops remained necessary throughout the twenty-year term to make the initial investment viable and able to sustain the ups and downs of the resort restaurant business. The Restaurant’s witness noted further that its owners continue paying on the original loan that helped underwrite the build-out at the Shops.
In sum, all of the evidence adduced at trial about the length of the Lease’s restrictive covenant, as originally negotiated by the parties, supports the conclusion that the exclusivity provision continues serving what the trial court considered to be an “[ujnquestionably” legitimate business purpose.
Finally, the trial settled any textual ambiguity concerning the length of the Lease’s exclusivity provision. The unre- *29 butted testimony of witnesses representing both of the original contracting parties was that they intended the exclusivity provision to be effective throughout both the Lease and Option Terms, twenty years maximum. See Killearn Homes Ass’n v. Visconti Family Ltd., 21 So.3d 51, 54 (Fla. 1st DCA 2009) (directing extrinsic evidence to be considered to ascertain the parties’ intent as to an ambiguous term in a deed restriction).

Conclusion

For these reasons, we affirm the trial court’s decision to allow the Restaurant to renew its lease, but reverse in favor of the Restaurant on the exclusivity issue. We remand this case to the trial court to amend the final judgment in favor of the Restaurant.
AFFIRMED IN PART, REVERSED IN PART, and REMANDED.
LEWIS, C.J., MARSTILLER, and OSTERHAUS, JJ., concur.