# Third District Court of Appeal

## State of Florida

Opinion filed January 25, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1531
Lower Tribunal No. 13-16460
_____

## Laguna Tropical, a Condominium Association, Inc.,
Appellant,

vs.

## Katia Marie Barnave,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Jorge E. Cueto, Judge.

Robert C. Eber, for appellant.

The Strauss Law Firm, and David A. Strauss (Fort Lauderdale), for appellee.

Before WELLS, SALTER and LOGUE, JJ.

SALTER, J.

Laguna Tropical, a Condominium Association, Inc. ("Association"), appeals

a final judgment in favor of a condominium unit owner, Ms. Barnave ("Owner"),

and her tenant, Ms. Garcia ("Tenant"). The Association sought injunctive and other relief to enforce provisions of certain rules and regulations applicable to the 94 units in the condominium development under the recorded Declaration of Condominium. We reverse the final judgment and remand the case to the trial court for enforcement of the applicable rules as against the Owner, the Tenant, and the condominium unit.

Flooring and Noise

The applicable rule is captioned "Noise." It states, in pertinent part:

> Unless expressly permitted in writing by the Association, no floor covering shall be installed in the units other than any carpeting or other floor covering installed by the Developer. In any event, each unit owner shall have the duty of causing there to be placed underneath such floor covering, so as to be beneath such floor covering and the concrete slab,[1] generally accepted and approved materials for diminution of noise and sound, so that the flooring shall be adequately soundproof.

Another provision, this one in Article X, Paragraph D of the recorded Declaration of Condominium, prohibits a unit owner from altering, modifying or replacing the interior of a unit without the prior consent of the Association's Board of Directors. Paragraph B of that Article further requires that maintenance, repairs, and replacements within a unit's interior "shall be done without disturbing the rights of other unit owners."

---

1 The provision only makes sense if the padding would be placed beneath the carpeting but above, not beneath, the concrete slab, or "between," not beneath the carpeting and slab.

In 2010, the Owner concluded that it would be necessary to replace the carpeting in her unit. A previous tenant had allowed a pet (prohibited by the rules and regulations, but kept in the unit without the Owner's knowledge) to ruin the original carpet. The Owner replaced the soiled carpeting with laminated flooring.

In 2011, the resident in the unit below the Owner's second-story unit complained that the noise was disturbing his occupancy. Ultimately, the downstairs resident complained to the Association that the Owner and Tenant were in violation of the rules and asked the Association to enforce the noise and carpeting provisions. After a written notice by the Association, exchanges of letters, and an unsuccessful mandatory alternative dispute resolution process before the Division of Florida Condominiums,[2] the Association filed a lawsuit against the Owner and Tenant to enforce the flooring restrictions.

Selective Enforcement; Prior Written Approval

In the pleadings, at trial, and here, the Owner asserted affirmative defenses alleging (1) "selective enforcement" of the flooring restrictions and (2) an alleged approval of the laminated flooring by the president of the Association. The Owner assumed the burden of proof as to each of these issues. The trial court found the

---

[2] § 718.1255(4), Fla. Stat. (2013). The parties engaged in a further unsuccessful attempt to mediate the dispute before the non-jury trial.

selective enforcement defense to be well taken, and entered a final judgment in favor of the Owner. This appeal ensued.

The interpretation of the statutes, rules, and declaration of condominium provisions are reviewed here de novo.[3] The Owner's selective enforcement defense asserts that the Association only actually enforced the flooring (carpeting) restriction as against eleven of the condominium development's 94 units. It is undisputed, however, that those eleven units were the only exclusively upstairs units. Eleven other units were exclusively downstairs units below the upstairs units, while the remaining 72 units were configured to include both first-floor and second-floor residential space within the same unit.

The record also (and predictably) includes no evidence that occupants of the 72 upstairs-downstairs units ever complained to the Association about the noise coming from upstairs, since they owned or leased the upstairs portion of the same unit. Further, there were a handful of prior noise complaints by downstairs-only occupants below upstairs-only units that had culminated in successful enforcement action by the Association (i.e., the replacement of prohibited tile or wood flooring in the upstairs-only unit by the specified carpeting and underlying "generally accepted and approved materials for diminution of noise and sound"). Finally,

---

[3] "Hence, because condominiums are a creature of statute courts must look to the statutory scheme as well as the condominium declaration and other documents to determine the legal rights of owners and the association." Woodside Vill. Condo. Ass'n v. Jahren, 806 So. 2d 452, 454 (Fla. 2002).

4

there was no evidence that the Association had declined to enforce a noise complaint regarding a downstairs-only unit based on a replacement of carpet with tile or wood flooring.

This case is readily distinguishable from the selective enforcement cases relied upon by the appellees. In Prisco v. Forest Villas Condominium Apartments, Inc., 847 So. 2d 1012 (Fla. 4th DCA 2003), for example, an association bylaw prohibited any pets other than fish or birds. A unit occupant who kept a dog in her unit was sued by the association to enforce the bylaw. The unit owner submitted evidence that another owner kept two cats on the premises, and other occupants also kept cats within their units. The trial court granted summary judgment for the Association on "selective enforcement," concluding that there were rational differences regarding enforcement as against cats versus dogs ("[d]ogs clearly bark, cats do not, dogs need to be walked outside of their home, cats do not as they use litter boxes for the most part," as the trial judge found). Id. at 1014. The Fourth District reversed and remanded:

> The restriction is clear and unambiguous and states that, other than fish and birds, "no pets whatsoever" shall be allowed. The fact that cats are different from dogs makes no difference. What does matter is that neither a cat nor a dog is a fish or a bird, so both should be prohibited.

Id. at 1015.

In the present case, the prohibition on floor coverings other than padded carpet is plainly intended to avoid noise complaints. No selective enforcement was proven, as no complaints have been shown to have arisen regarding any units except second-floor only units like the Owner's unit. It cannot be said that the enforcement action in the present case "constituted unequal and arbitrary enforcement of the restriction." White Egret Condo., Inc. v. Franklin, 379 So. 2d 346, 352 (Fla. 1979).

The Owner also argues that the Association president confirmed in an exchange of emails that the Owner's laminated wood flooring was acceptable.[4] This argument likewise fails, as the rules and declaration of condominium plainly require consideration and written approval by the Association's board of directors, not merely one of its officers. Curci Vill. Condo. Ass'n, Inc. v. Maria, 14 So. 3d 1175 (Fla. 4th DCA 2009) (condominium association not estopped from enforcing a restriction where written consent was not obtained from the board of directors (as specified), as opposed to a verbal consent from the president). The record in the present case contains no delegation by the Association of authority to approve installations of the kind involved in this case by its president. The Owner admitted that she did not submit a request for approval of the wood flooring to the Association's board.

---

[4] This testimony was disputed, and the Owner did not introduce into evidence the alleged emails, as her computer had crashed.

For all these reasons, we reverse the final judgment in favor of the Owner and remand the case for enforcement of the flooring restrictions as sought by the Association.