DANAHY, Judge.
Appellant (Lee-Booth) purchased the assets of Format Ten, Inc., a corporation in the business of hardware supply. One of those assets was an alleged account receivable due Format Ten from Jansen Company of Florida, Inc., the general contractor for the construction of the West Pasco County Government Center. Appellee (Fidelity) is the surety on Jansen’s performance and payment bond.
Lee-Booth brought this suit against Jansen and Fidelity to collect the alleged account receivable, alleging that Format Ten had entered into a hardware supply contract with Jansen with respect to the West Pasco County Government Center project and had shipped hardware material to Jansen pursuant to that contract. Lee-Booth alleged that Jansen owed a balance of $24,431.60 to Format Ten and attached invoices to its complaint reflecting that total amount.
After Lee-Booth dropped Jansen as a defendant, Fidelity filed a motion for summary judgment and offered in support of that motion an affidavit by Louis Carrozza, vice president of Jansen. In essence, the Car-rozza affidavit stated that (1) Jansen owed no money to Lee-Booth, Inc., or to Format Ten for materials delivered to Jansen; (2) Format Ten never delivered any materials to Jansen at the West Pasco County Government Center; and (3) the entire liability of Jansen under its original purchase order to Format Ten was offset by sums which Jansen was required to pay to another supplier, by the cost to Jansen of curing *532 defective material that was delivered, and delay damages incurred by Jansen for nondelivery.
The trial judge granted summary judgment in favor of Fidelity and Lee-Booth appeals. We reverse.
Simply stated, the Carrozza affidavit failed to negate the existence of genuine issues of material fact. The statements that Jansen owed no money to Lee-Booth or to Format Ten, and that any liability of Jansen to Format Ten or Lee-Booth was offset by certain items, are nothing more than conclusions or statements of ultimate fact. Such statements do not justify entry of summary judgment. Dean v. Gold Coast Theatres, Inc., 156 So.2d 546 (Fla. 2d DCA 1963). In view of the invoices attached to Lee-Booth’s complaint, the allegation in the Carrozza affidavit that Format Ten never delivered any materials to Jansen does nothing more than reflect the existence of a factual issue to be determined by the trier of fact.
REVERSED and REMANDED for further proceedings not inconsistent with this opinion.
GRIMES, Acting C. J., and OTT, J., concur.