PER CURIAM.
We concur in the court’s determination that a covenant providing that appel-lees’ property shall be “for residence only” does not prohibit the erection of townhouse condominiums. This restriction relates to the use or mode of occupancy to which the property may be put rather than the nature of the structure to be erected thereon. Moore v. Stevens, 90 Fla. 879, 106 So. 901 (1925). Cf. Mayes v. Hale, 82 Fla. 35, 89 So. 364 (1921) (holding that the erection of an apartment house violated a covenant that the property should “be used for residential purposes only, and only one residence is to be erected on each lot”). We also conclude that there is ample evidence to support the court’s finding that, in any event, appellants cannot enforce the covenant because of acquiescence, waiver and *1048 abandonment/ See Stephl v. Moore, 94 Fla. 313, 114 So. 455 (1927).
AFFIRMED.
RYDER, C.J., and GRIMES and LE-HAN, JJ., concur.