FRANK D. UPCHURCH, Jr., Judge.
Herbert Halback, Inc., a landscape architecture firm, appeals from a final summary judgment denying recovery for landscaping services allegedly rendered to Dr. Sohrab Gerami. We reverse because there was a genuine issue of material fact regarding whether Gerami requested or tacitly agreed to the performance of additional services by Halback.
The record established that Gerami retained Halback to perform certain landscaping services. The written contract provided that the fee would not exceed $5,000. According to a deposition and affidavit submitted by Halback, Gerami expressed a desire for the firm to handle other aspects of the design not specified in the contract. Halback then sent Gerami a letter outlining the additional services which would be performed at the same rate as specified in the agreement. No written acceptance was received, but Halback contends that Gerami indicated that the work was to proceed and never objected to the work while it was being completed. Halback also claimed that Gerami originally agreed to pay the entire bill, but later changed his mind. In his affidavit, Gerami stated that he did not request that Halback perform any services over those specified in the written agreement.
A summary judgment should not be granted unless, construing all the evidence most favorably to the nonmoving party, there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law. Holl v. Talcott, 191 So.2d 40 (Fla.1966); O’Connell v. Walt Disney World Co., 413 So.2d 444 (Fla. 5th DCA 1982). If issues of fact exist and the slightest doubt remains, a summary judgment cannot be granted. And, of course, all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. See; e.g., Allington Towers North, Inc. v. Teich, 345 So.2d 745 (Fla. 4th DCA 1977).
Here, the deposition and affidavit submitted by Halback raise the question of whether Gerami requested or tacitly agreed to the performance of additional landscaping services. Gerami’s affidavit denying that he requested any additional services contained nothing more than mere conclusions or statements of ultimate fact which did not justify the entry of summary *453 judgment in Gerami’s favor. See Lee-Booth, Inc. v. Fidelity and Deposit Co., 399 So.2d 531 (Fla. 2d DCA 1981); Dean v. Gold Coast Theatres, Inc., 156 So.2d 546 (Fla. 2d DCA 1963).
REVERSED and REMANDED for further proceedings.
ORFINGER and SHARP, JJ., concur.