PARKER, Judge.
In this action for libel, John J. Koresko V and Koresko & Associates (Koresko) appeal the trial court’s summary judgment order in favor of Emmett D. Coe and FNC Corp. (Coe), alleging that the record established the existence of genuine issues of material fact. We agree and reverse.
In the complaint, Koresko alleged that Coe published or caused to be published a libelous letter written by a third party. Affidavits and deposition testimony attached to Coe’s motion for summary judgment supported Coe’s assertion that Coe was not an original recipient of the letter and that he did not have the letter or a copy of it with him at the time Koresko alleged Coe published the letter. In answers to Coe’s interrogatories, Koresko alleged that Coe published the libelous letter to named persons at a seminar and that Coe published the letter to individuals at a mutual fund and two insurance companies with the express intention of interfering with Koresko’s advantageous business relationship. The trial court granted summary judgment in favor of Coe.
Summary judgment may be granted only “if the pleadings, depositions, answers to interrogatories and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Snyder v. Cheezem Dev. Corp., 373 So.2d 719, 720 (Fla. 2d DCA 1979). The party moving for summary judgment has the burden of establishing irrefutably that the nonmoving party cannot prevail. Hervey v. Alfonso, 650 So.2d 644 (Fla. 2d DCA 1995). Because Ko-resko’s answers to Coe’s interrogatories dispute the statements in the affidavits in support of Coe’s motion for summary judgment, Coe did not establish irrefutably that Kores-ko could not possibly prevail; therefore, Coe did not meet the heavy burden required for summary judgment. Accordingly, whether Coe published or caused to be published a copy of the allegedly defamatory letter is a question of fact which is not appropriate for summary judgment.
Finally, it appears that the trial court may have granted summary judgment in favor of Coe because Koresko failed to present affidavits countering those presented by Coe. If this was, in fact, the basis for the ruling, the trial court erred. A party attempting to defeat a motion for summary judgment is not required to file an affidavit to counter the movant’s affidavits. Elliott v. Dugger, 542 So.2d 392 (Fla. 1st DCA 1989). Further, answers to interrogatories can create disputed issues of fact. See Ramos v. Growing Together, Inc., 672 So.2d 103 (Fla. 4th DCA 1996).
Reversed and remanded.
FRANK, A.C.J., and FICARROTTA, GASPER J., Associate Judge, concur.