KELLY, Judge.
This action arises from an attempt by the Polo Park Homeowner’s Association (the Association) to enforce certain deed restrictions against homeowners Calvin and Carolyn Kenyon. We reverse.
The Kenyons purchased their home in the Polo Park subdivision in 1994. The Association is responsible for enforcing the covenants and restrictions applicable to the subdivision, something it showed little interest in until March of 2000, when it notified the Kenyons that they were violating the covenants. The Association was not satisfied with the Kenyons’ response to the notice, and in July 2000, it sued them.
The Association sought a permanent injunction to prohibit the Kenyons from continuing to violate the covenants. The Ken-yons counterclaimed for defamation and breach of contract arising from the manner in which the Association enforced, or failed to enforce, the covenants. The trial court entered a partial summary judgment in favor of the Association on the Kenyons’ defamation claim and on one of their breach of contract claims.
The case was then tried before a jury.[1] The jury found that the Kenyons had violated the covenants and that the Association had “unequally, arbitrarily, unreasonably, or selectively” enforced the covenants by allowing violations to exist on the property of other homeowners. The trial court granted the Association’s motion for a permanent injunction pursuant to the jury verdict, denied the Kenyons’ motion for an injunction, and granted the Association’s motion for attorney’s fees after finding that the Association was the prevailing party.
In this appeal, the Kenyons first contend that the trial court erred when it granted the Association’s motion for partial summary judgment. Specifically, they argue that the Association did not meet its burden to establish the nonexistence of a genuine issue of material fact. We review this issue de novo. Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126 (Fla.2000).
The record shows that the Association filed a three-paragraph motion for summary judgment asserting that the Kenyons had no evidence to support their claims. The Association filed no affidavits, admissions, interrogatory answers, depositions, or anything else to establish that the Kenyons could not prove their claims for defamation or breach of contract. The burden of proving the absence of material fact is upon the moving party. Holl v. Talcott, 191 So.2d 40 (Fla.1966). Until the movant has met this burden, the opposing party is under no obligation to show that *1228 issues remain to be tried. Id. The Association did not carry its burden by simply filing a motion in which it argued that the Kenyons had no evidence to support their claims. At this stage of the proceedings, the Kenyons, as the nonmoving party, had no burden to prove anything until the Association met its burden as the moving party. See id. Accordingly, it was error for the trial court to grant the Association’s motion for partial summary judgment.[2]
 Next, the Kenyons contend that because the jury found that the Association had selectively enforced the covenants, the trial court erred when it granted the Association’s motion for a permanent injunction. The party challenging the enforcement of an otherwise valid covenant has the burden to prove defensive matters that preclude enforcement, such as the enforcing authority acted in an arbitrary or unreasonable manner. Prisco v. Forest Villas Condo. Apartments, Inc., 847 So.2d 1012 (Fla. 4th DCA 2003). The jury found that the Association “unequally, arbitrarily, unreasonably, or selectively” enforced the covenants. In light of that finding, which the Association has not challenged, it was error for the trial court to grant the Association’s motion for a permanent injunction. See Stephl v. Moore, 94 Fla. 313, 114 So. 455 (1927); Don Cesar Prop. Owners Corp. v. Gallagher, 452 So.2d 1047 (Fla. 2d DCA 1984); Prisco.
Finally, the Kenyons contend that the trial court erred when it concluded that the Association was the prevailing party and awarded the Association attorney’s fees. Because we are reversing the order granting the permanent injunction and remanding for further proceedings on the Kenyons’ claims for breach of contract and defamation, we must necessarily reverse the award of attorney’s fees in favor of the Association.
Reversed and remanded for further proceedings consistent with this opinion.
WHATLEY and NORTHCUTT, JJ., Concur.

. No party has raised an issue regarding the propriety of a jury trial in this proceeding.

. Our reversal of the summary judgment should not be viewed as expressing an opinion on the merits of the underlying claims.