SHEPHERD, J.
We have before us for review an order granting partial final summary judgment on a counterclaim for eviction brought by appellees, Quality Service Station, Inc. and Agustín Alcantara, in the circuit court. We review the order as a non-final order determining the right of immediate possession to personal property. Art. V, § 4(b)(1), Fla. Const.; Fla. R.App. P. 9.130(a)(3)(c)(ii).
I. FACTS
Agustín Alcantara is the president of Quality Service Station, Inc. (Quality), which operates the Quality Shell service station located in Hialeah, Florida. Quality leases the property on which the business is located from Motiva, Inc. pursuant *15 to a written franchise agreement. The record lacks a copy of this agreement.
For many years, the gas station operator permitted a handcar-wash business to illegally operate on its premises under an oral month-to-month lease. Quality continued this practice in 1998, when it became the station operator. In 2001, Buzzi purchased the car-wash business. Prior to doing so, Buzzi approached Alcantara to determine whether he would consider a longer term written lease. Alcantara responded that he would do so if Buzzi would obtain such permits necessary to legally operate the car wash on the premises. Buzzi complied, and he and Quality executed a written lease agreement for a term of ten years, commencing January 1, 2002. The lease further stated:
The following rules must be followed:
1. Must have County license.
2. Must have City of Hialeah license.
3. Must clean grease trap as needed by a certified company.
4. Must follow all DERM rules and regulations.
5. Must follow all Shell Oil and Moti-va rules and regulations. (Emphasis added).
6. Car wash area MUST BE KEPT CLEAN at all times.
7. No loud music allowed.
If any of the rules mentioned above are
not followed this agreement will be subject to termination.
In April 2002, Quality received notice from Motiva that it did not consent to the car wash and that the continuation of the car wash at the premises would constitute a breach of the franchise agreement. In turn, Quality advised Buzzi that it was terminating its lease with Buzzi on the grounds that the car wash was in violation of “Motiva rules.” Buzzi filed suit against Quality and its president, Alcantara, seeking to enjoin the termination, and for damages for breach of contract, fraud, and unjust enrichment. Quality and Alcantara brought a counterclaim to evict Buzzi from the premises based upon the alleged violation of Motiva’s rules and for damages. They then moved for summary judgment on the eviction claim only. The trial court granted the motion, awarding “Final Judgment of Possession” to Quality. Buzzi appeals.
II. DISCUSSION
Buzzi raises two arguments as grounds for reversal of the judgment of possession. First, Buzzi argues that the affidavit of Luis Santos, upon which Quality and Al-cantara relied in support of their motion for summary judgment, was defective because it recites only impermissible factual and legal “conclusions.” Second, Buzzi argues that the lower court erred when it considered an unauthenticated letter of Motiva demanding that the car-wash business be terminated. We reject both arguments.
It is beyond dispute that affidavits may be used in support of a motion for summary judgment. Fla. R. Civ. P. 1.510(a). Florida Rule of Civil Procedure 1.510(e) states that “Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.” A corollary of this rule is that “[a]n affidavit in support of summary judgment may not be based upon factual conclusions or conclusions of law.” Florida Dept. of Fin. Servs. v. Associated Indus. Ins. Co., 868 So.2d 600, 602 (Fla. 1st DCA 2004). However, the affidavit of Luis Santos, Motiva’s marketing consultant assigned to the Quality account, does not violate the corollary. Santos testified by *16 affidavit that “The company no longer permits a hand detailed car wash like the one located at [Quality Shell], to be run upon MOTIVA property.... The operation of the hand car wash on the property is a breach of lease with MOTIVA.” We find that, at a minimum, the first statement by Santos sets forth admissible facts that support the entry of summary judgment in this case. Fla. R. Civ. P. 1.510(a). Moreover, Buzzi did not conduct any discovery or otherwise seek to controvert that statement. Accordingly, we find that the affidavit is sufficient to support a grant of summary judgment in this case. Harvey Bldg., Inc. v. Haley, 175 So.2d 780, 782-83 (Fla.1965) (after moving party presents evidence to support a motion for summary judgment, party “will be entitled to summary judgment unless the opposing party comes forward with some evidence which will change the result — that is, evidence sufficient to generate an issue on a material fact”).
Similarly, we find that to the extent that the lower court took into consideration the Motiva letter, it likewise did not err. First, we believe that Buzzi acknowledged the authenticity of the letter by admitting the allegations of paragraph four of the amended answer and counterclaim in his motion to strike. Secondly, the Mo-tiva letter is simply redundant of the Santos affidavit and serves only to confirm the statement made in the Santos affidavit that Motiva no longer permits a hand detailed car wash on the property.
Affirmed.