VILLANTI, Judge.
 

 Gulf View Townhomes, LLC, filed a legally insufficient affidavit in support of its motion for summary judgment. Nevertheless, the trial court granted the motion and included in the final judgment relief that Gulf View neither sought in its motion nor requested at the summary judgment hearing. For both of these reasons, entry of the final summary judgment against Land Development, Inc., was improper. Therefore, we reverse.
 

 The somewhat limited record in this case shows that in June 2005 Gulf View bought Land Development’s right to purchase certain vacant land in Naples under a purchase and sale agreement. Land Development took back a second mortgage on the property from Gulf View after closing, and it duly recorded a $300,000 promissory note from Gulf View and the mortgage that secured the note. Shortly thereafter, a dispute arose between the parties, with Gulf View contending that Land Development had misrepresented the number of townhouse units that could be constructed on the property. Due to these alleged
 
 *867
 
 misrepresentations, Gulf View stopped making the payments due under the promissory note.
 

 In May 2006, Land Development filed a foreclosure action against Gulf View based on nonpayment of the note, and it attached copies of the note and mortgage to its complaint. In its answer, Gulf View admitted that it had executed the promissory note and mortgage and had delivered them to Land Development. Gulf View also admitted that the copies of the note and mortgage attached to Land Development’s complaint were true and correct copies. But Gulf View denied that it had defaulted under the note, and it filed counterclaims against Land Development relating to the alleged misrepresentations concerning the development potential of the property.
 

 The parties were subsequently referred to mediation, and they reached a full settlement at that mediation. The settlement required the parties to work together to obtain the approvals necessary to increase the number of units that could be constructed on the property. The parties agreed that if they were unsuccessful at getting the property re-permitted to allow for construction of more than forty-six units, the existing mortgage would be deemed cancelled and would be satisfied of record by Land Development. If however the parties were successful in getting the property re-permitted for more than forty-six units, Gulf View agreed to pay Land Development based on the number of additional units actually approved. In the settlement agreement, Gulf View again admitted that it had executed the original promissory note and mortgage and delivered them to Land Development. However, the parties agreed as part of the settlement to execute a modified mortgage and a modified promissory note to reflect their agreement concerning these contingent payments. They also agreed to jointly submit a stipulation to dismiss the foreclosure action and its counterclaims within fourteen days.
 

 For reasons not apparent from our record, the parties never filed the anticipated stipulation for dismissal.
 
 [1]
 
 Instead, in August 2008, Land Development filed a motion to enforce the settlement agreement, followed by an amended motion to enforce. However, the trial court refused to enforce the settlement agreement within the foreclosure action. Instead, the court required the parties to file a separate proceeding to enforce the agreement, which they did.
 
 [2]
 
 Thus, the foreclosure case lay dormant while the parties litigated the separate enforcement action.
 

 For reasons again not apparent from the record, Gulf View filed a motion for summary judgment in the foreclosure action on March 9, 2010. In its motion, Gulf View alleged that it was entitled to summary judgment because “[t]he original note is not in evidence in the instant action entitling Gulf View Townhomes, LLC, to judgment as a matter of law.” In support of its motion, Gulf View filed the affidavit of its manager, Jerald Radtke, in which he alleged that the original note was not “in evidence” and also that “Gulf View Town-homes, LLC, is not indebted to [Land Development] in any amount.” The affidavit made no attempt to reconcile the alleged lack of indebtedness with Gulf
 
 *868
 
 View’s prior admission that it had executed the promissory note and delivered it to Land Development. Land Development did not file any counterevidence in opposition to Gulf View’s motion.
 

 At the hearing on the summary judgment motion, Gulf View argued that Land Development could not prevail in the foreclosure action without admitting the original note into evidence. It also argued that Land Development was required to come forward with the original note in response to the motion for summary judgment to establish that a genuine issue of material fact existed. According to Gulf View, since Land Development failed to file the original note in response to the motion, Gulf View was entitled to summary judgment in its favor as a matter of law.
 

 In response, Land Development argued that it had no burden to come forward with the original note at this point in the litigation. Land Development admitted that it would have to produce the original note to prevail at trial, but it pointed out that it had not sought summary judgment and that the time for producing evidence had not yet arisen. It also argued that it had no burden to come forward with countervailing evidence in response to Gulf View’s summary judgment motion until such time as Gulf View established that there were no genuine issues of material fact and that it was entitled to judgment in its favor as a matter of law. Since Gulf View had
 
 not
 
 established that Land Development could
 
 never
 
 produce the original note and had not offered any legally sufficient evidence to prove that it did not owe Land Development money under the promissory note, Land Development argued that Gulf View had not met its burden to prove that it was entitled to judgment in its favor as a matter of law. Moreover, because Gulf View had failed to prove the nonexistence of any genuine issue of material fact, Land Development argued that the burden had never shifted to it to produce any countervailing evidence.
 

 Despite Land Development’s arguments, the trial court entered final summary judgment in favor of Gulf View. In doing so, the trial court appeared to take the position that since Gulf View filed an affidavit in support of its motion, Land Development was obligated to file something to rebut that affidavit, regardless of the legal sufficiency of Gulf View’s allegations. Moreover, the final judgment rendered by the trial court not only entered judgment in favor of Gulf View on the foreclosure action but also discharged the mortgage in its entirety. This latter relief was neither sought in Gulf View’s motion for summary judgment nor raised and argued at the summary judgment hearing. The trial court denied Land Development’s timely motion for rehearing, and Land Development now appeals the final judgment. We reverse for two reasons.
 

 First, Gulf View’s allegation that the original promissory note was not “in evidence” cannot support entry of summary judgment in its favor. Summary judgment is a limited remedy that is appropriate only when the state of the evidence is such that the nonmoving party will not be able to prevail at trial as a matter of law.
 
 See, e.g., Hervey v. Alfonso,
 
 650 So.2d 644, 645-46 (Fla. 2d DCA 1995);
 
 Gomes v. Stevens,
 
 548 So.2d 1163, 1164 (Fla. 2d DCA 1989). The party moving for summary judgment has the burden to establish
 
 irrefutably
 
 that the nonmoving party
 
 cannot
 
 prevail were a trial to be held.
 
 See Hervey,
 
 650 So.2d at 645-46. Thus, summary judgment “is not a substitute for a trial on the merits.”
 
 Id.
 
 at 646;
 
 see also E. Qualcom Corp. v. Global Commerce Ctr. Ass’n,
 
 59 So.3d 347, 350-51 (Fla. 4th DCA 2011);
 
 Cummins v. Allstate Indem.
 
 
 *869
 

 Co.,
 
 732 So.2d 380, 382-83 (Fla. 4th DCA 1999).
 

 Because summary judgment is not a substitute for trial, when a defendant moves for summary judgment, the court is not called upon to determine whether the plaintiff can actually prove its cause of action.
 
 Kenyon v. Polo Park Homeowner’s Ass’n,
 
 907 So.2d 1226, 1227-28 (Fla. 2d DCA 2005);
 
 Winston Park, Ltd. v. City of Coconut Creek,
 
 872 So.2d 415, 418 (Fla. 4th DCA 2004). “Rather, the court’s function is solely to determine whether the record conclusively shows that the moving party proved a negative, that is, ‘the nonexistence of a genuine issue of a material fact.’ ”
 
 Winston Park, Ltd.,
 
 872 So.2d at 418 (quoting
 
 Besco USA Int’l Corp. v. Home Sav. of Am. FSB,
 
 675 So.2d 687, 688 (Fla. 5th DCA 1996)).
 

 For example, in
 
 Kenyon,
 
 Polo Park filed an action to enjoin the Kenyons from continuing to violate the restrictive covenants of the association. 907 So.2d at 1227. The Kenyons filed a counterclaim for defamation and breach of contract. Polo Park subsequently filed a motion for summary judgment in which it alleged that the Ken-yons “had no evidence to support their claims.”
 
 Id.
 
 at 1228. The trial court granted summary judgment, but this court reversed. In doing so, we noted that “[a]t this stage of the proceedings, the Kenyons, as the nonmoving party, had no burden to prove anything.”
 
 Id.
 
 Thus, since Polo Park’s motion did not conclusively establish that the Kenyons
 
 could not
 
 prevail as a matter of law, this court reversed the summary judgment in favor of Polo Park.
 

 In this case, when Gulf View moved for summary judgment, it argued that Land Development could not prevail because the original note and mortgage were not “in evidence.” However, at that point Land Development, like the Kenyons, had no burden to come forward with the evidence necessary to prove its case. Instead, the burden was on Gulf View to prove that Land Development
 
 could never
 
 prove its case — not that it
 
 had not
 
 already done so. Gulf View’s bare assertion that the original note was not “in evidence” at the time of the hearing was legally insufficient to meet its burden to prove that Land Development
 
 could not
 
 prevail were a trial to be held. Thus, the trial court erred in granting final summary judgment in favor of Gulf View at this stage of the proceedings based on the absence of the original note from the court file.
 

 Second, Gulf View’s allegation that it was “not indebted” to Land Development was equally insufficient to permit the trial court to enter final summary judgment in its favor. “A movant is entitled to summary judgment ‘if the pleadings, depositions, answers to interrogatories, admissions, affidavits, and other materials as would be admissible in evidence on file show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.’ ”
 
 Estate of Githens ex rel. Seaman v. Bon Secours-Maria Manor Nursing Care Ctr., Inc.,
 
 928 So.2d 1272, 1274 (Fla. 2d DCA 2006) (quoting Fla. R. Civ. P. 1.510(c)). Even if the moving party files an affidavit in support of its motion for summary judgment, the nonmoving party need not file a counteraffidavit or other countervailing evidence if the court file contains other competent proof, such as depositions, admissions, or answers to interrogatories, that contradicts the moving party’s claim.
 
 See Semoran Pines Condo. Ass’n v. Arab Termite & Pest Control of Fla., Inc.,
 
 543 So.2d 417, 418 (Fla. 5th DCA 1989) (citing
 
 Misal Constr. Co. v. Rusco Indus., Inc.,
 
 403 So.2d 607 (Fla. 4th DCA 1981));
 
 see also Koresko v. Coe,
 
 683 So.2d 602, 603 (Fla. 2d DCA
 
 *870
 
 1996) (holding that a party attempting to defeat a motion for summary judgment was not required to file an affidavit to counter the movant’s affidavit when the allegations in the movant’s affidavit conflicted with its own answers to interrogatories).
 

 Here, Gulf View’s self-serving sworn assertion that it was “not indebted” to Land Development was contradicted by its own prior admissions. The record shows that Land Development attached copies of the promissory note and mortgage to its original complaint for foreclosure. As such, those documents became part of the pleading for all purposes, including summary judgment.
 
 See
 
 Fla. R. Civ. P. 1.130(b). Gulf View admitted in its answer that it had executed and delivered the promissory note and mortgage to Land Development. Gulf View’s subsequent allegation that it was “not indebted” to Land Development contradicted the pleadings in the record and thus actually created an unresolved disputed issue of material fact on the face of the pleadings. This contradiction, standing alone, rendered summary judgment in favor of Gulf View improper.
 

 Moreover, even if the allegation in the affidavit did not contradict Gulf View’s pri- or admissions, Gulf View’s bare assertion that it was “not indebted” to Land Development — without any supporting facts or documents that would explain or negate Land Development’s claim of indebtedness under the note — was nothing more than a factual conclusion that could not support entry of summary judgment.
 
 See Lee-Booth, Inc. v. Fid. & Deposit Co. of Md.,
 
 399 So.2d 531, 532 (Fla. 2d DCA 1981) (providing that statements of ultimate fact will not “justify entry of summary judgment”);
 
 Buzzi v. Quality Serv. Station, Inc.,
 
 921 So.2d 14, 15 (Fla. 3d DCA 2006) (noting that “ ‘[a]n affidavit in support of summary judgment may not be based upon factual conclusions or conclusions of law’” (quoting
 
 Fla. Dep’t of Fin. Servs. v. Associated Indus. Ins. Co.,
 
 868 So.2d 600, 602 (Fla. 1st DCA 2004))). Had Gulf View offered evidence that the original note and mortgage had been satisfied or had somehow become otherwise unenforceable, Land Development might have been obligated to come forward with evidence to show that a genuine issue of material fact remained concerning the enforceability of the note. However, in the absence of such evidence from Gulf View, its conclusory assertion that it was “not indebted” to Land Development was insufficient as a matter of law to entitle it to summary judgment in its favor. Thus, we reverse the improperly entered final summary judgment.
 

 While our reversal of the final summary judgment on the burden of proof issue renders Land Development’s second issue moot, we nevertheless briefly address the scope of the relief granted by the final summary judgment. Gulf View’s motion for summary judgment did not seek to have the mortgage cancelled and/or discharged, and Gulf View did not seek such relief at the hearing on its motion. At the close of the hearing, the trial court reserved ruling, but it asked whether Gulf View had prepared a proposed final judgment. Gulf View’s counsel indicated that he had, and he gave the court a proposed judgment which had not been submitted to Land Development’s counsel before the hearing. This proposed judgment included language not only granting final summary judgment on the foreclosure action but also discharging the mortgage in its entirety. Ten days later, the trial court signed Gulf View’s proposed judgment verbatim, thus granting relief over and above that sought by Gulf View in its motion. Land Development raised the issue of this improper relief in its motion for rehearing;
 
 *871
 
 however, the trial court denied that motion without explanation. We comment on two issues.
 

 First, we note that “due process of law demands notice and an opportunity to be heard before final judgment.”
 
 Cavalier v. Ignas,
 
 290 So.2d 20, 21 (Fla.1974). “Due process protections prevent a trial court from deciding matters not noticed for hearing and not the subject of appropriate pleadings.”
 
 Mizrahi v. Mizrahi,
 
 867 So.2d 1211, 1218 (Fla. 3d DCA 2004). Thus, it is error to award relief that is neither requested in the motion at issue nor argued at the hearing on that motion.
 
 See Wallace v. Wallace,
 
 605 So.2d 504, 505 (Fla. 4th DCA 1992);
 
 Dep’t of Envtl. Regulation v. Montco Research Prods., Inc.,
 
 489 So.2d 771, 773 (Fla. 5th DCA 1986) (“[A] determination by the trial court on an issue which is neither raised by the pleadings [n]or on which the parties have been given notice or an opportunity to be heard[ ] is violative of due process and is a departure from the essential requirements of law.”). Entry of a final judgment in violation of a party’s due process rights constitutes reversible error.
 
 Cavalier,
 
 290 So.2d at 22.
 

 Here, Gulf View’s motion did not request discharge of the mortgage, and such relief was not requested at the summary judgment hearing. Thus, the final judgment providing relief that was not requested violated Land Development’s due process rights, and its entry constituted reversible error on this basis alone.
 

 Second, we cannot condone the actions of Gulf View’s counsel
 
 [3]
 
 in including relief in a proposed final judgment that it did not request in its motion or at the hearing. Moreover, discharge of the mortgage in this case was not a perfunctory matter that could be assumed to be a necessary part of the court’s ruling. Also, we urge the trial court to take greater.care to avoid granting relief not requested.
 

 Reversed and remanded for further proceedings consistent with this opinion.
 

 NORTHCUTT and BLACK, JJ„ Concur.
 

 [1]
 

 . There is also no indication in the record that a modified note or mortgage were ever executed or delivered.
 

 [2]
 

 . There is no written ruling on the motion to enforce. At oral argument, counsel represented that the trial court orally ruled that a separate proceeding was required because it had never approved or adopted the settlement agreement in the foreclosure action. We express no opinion on the correctness of this ruling.
 

 [3]
 

 . While members of the same firm, appellate counsel was different from trial counsel.