NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ALS MAXIM I LLC,                          )
                                          )
      Appellant,                     )
                                          )
v.                                        )        Case No. 2D15-5153
                                          )
ALEXANDER KATSENKO,                       )
                                          )
      Appellee.                      )
_____)

Opinion filed May 3, 2017.

Appeal from the Circuit Court for
Sarasota County; Kimberly C. Bonner,
Judge.

David Rosenberg and Robert R. Edwards
of Robertson Anschutz & Schneid, P.L.,
Boca Raton for Appellant.

Gregg Horowitz of Sarasota for Appellee.


SILBERMAN, Judge.

      ALS Maxim I LLC (ALS Maxim) appeals a final order dismissing its

foreclosure action against Alexander Katsenko after the trial court granted Katsenko's

motion for summary judgment. Because Katsenko is not entitled to summary judgment

as a matter of law, we reverse and remand for further proceedings.

Plaintiff BankUnited, FSB, filed this foreclosure proceeding in 2009 and alleged that it owned and held the promissory note. On July 30, 2010, the Plaintiff filed a notice of filing the original note and mortgage. Since then, substitutions of the Plaintiff have been made, and ALS Maxim was substituted as the Plaintiff by order rendered April 16, 2015.

On June 7, 2015, Katsenko filed a motion for summary judgment on the basis that the purported original note filed on July 30, 2010, was in fact a copy and not the original. Affidavits filed in support reflect that Katsenko signed the note in blue ink and that the filed note shows black ink. Katsenko asserted that "the Plaintiff's predecessor in interest's claim that the original note is in the Court file is false." Katsenko asserted that ALS Maxim must tender the original note to the trial court or seek to reestablish the lost note. Katsenko claimed that he was entitled to "judgment in his favor as Plaintiff does not possess the original promissory note and lacks standing to foreclose."

At most, the summary judgment evidence showed that the purported original note filed in 2010 was a copy rather than the original. And ALS Maxim's counsel advised the court that if the note was a copy it should be able to amend to add a count to reestablish a lost note. However, the trial court granted summary judgment in favor of Katsenko. In its motion for rehearing ALS Maxim argued that if the filed note was a copy, ALS Maxim was not required to provide the original note until trial and that it might find the original before trial or reestablish the lost note. After the trial court denied the motion for rehearing, ALS Maxim timely filed its notice of appeal.

We employ a de novo standard on our review of a trial court order granting summary judgment. Olivera v. Bank of Am., N.A., 141 So. 3d 770, 773 (Fla. 2d DCA 2014). Summary judgment is appropriate "only if there is no genuine issue of material fact and if the moving party is entitled to judgment as a matter of law." Reed v. Schutz Litig. LLC, 117 So. 3d 486, 488 (Fla. 2d DCA 2013) (quoting MarElia v. Yanchuck, Berman, Wadley & Zervos, P.A., 966 So. 2d 30, 33 (Fla. 2d DCA 2007)). The movant "has the burden to establish *irrefutably* that the nonmoving party *cannot* prevail were a trial to be held." Land Dev. Servs., Inc. v. Gulf View Townhomes, LLC, 75 So. 3d 865, 868 (Fla. 2d DCA 2011).

In a foreclosure action the promissory note must be removed from the stream of commerce because the note is a negotiable instrument. Heller v. Bank of Am., NA, 209 So. 3d 641, 644, (Fla. 2d DCA 2017); Perry v. Fairbanks Capital Corp., 888 So. 2d 725, 727 (Fla. 5th DCA 2004). A plaintiff must surrender the original promissory note to the court or court clerk or provide a satisfactory reason for the failure to do so before the trial court can issue a final judgment. See Colson v. State Farm Bank, F.S.B., 183 So. 3d 1038, 1039 n.1 (Fla. 2d DCA 2015); Deutsche Bank Nat'l Trust Co. v. Huber, 137 So. 3d 562, 564 (Fla. 4th DCA 2014).

When a defendant seeks summary judgment, as in the present case, "the court is not called upon to determine whether the plaintiff can actually prove its cause of action." Land Dev. Servs., 75 So. 3d at 869. Rather, the defendant must establish a negative, that the plaintiff "*could never* prove its case—not that it *had not* already done so." Id. In Land Development, this court determined that the defendant's "bare assertion that the original note was not 'in evidence' at the time of the hearing was

legally insufficient to meet its burden to prove that Land Development *could not* prevail were a trial to be held." Id. Therefore, this court concluded that the trial court erred in granting summary judgment in the defendant's favor based on the original note's absence from the court file. Id.

Even if Katsenko established at the summary judgment hearing that a copy of the note, rather than the original, had been filed, he failed to establish that he was entitled to judgment as a matter of law because he did not prove that ALS Maxim could not prevail at trial. See id. In other words, Katsenko failed to prove that ALS Maxim would be unable to produce the original note for trial. Therefore, we reverse the order that grants summary judgment and dismisses the action and remand for further proceedings.

Reversed and remanded.


SLEET and LUCAS, JJ., Concur.