NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

U.S. BANK N.A., AS TRUSTEE, ON            )
BEHALF OF THE HOLDERS OF THE             )
J.P. MORGAN ALTERNATIVE LOAN             )
TRUST 2007-S1 MORTGAGE                    )
PASS-THROUGH CERTIFICATES                 )
                                          )
            Appellant,                    )
                                          )
v.                                        )        Case No. 2D16-3286
                                          )
EARL HOLBROOK,                            )
                                          )
            Appellee.                     )
                                          )
_____)

Opinion filed September 15, 2017.

Appeal from the Circuit Court for Pinellas
County; Jack Day, Judge.

Allison Morat of Pearson Bitman LLP,
Maitland, for Appellant.

Jan T. Govan of Govan Law Group, P.A.,
Clearwater, for Appellee.

LUCAS, Judge.

        In this residential mortgage foreclosure case, U.S. Bank, N.A., as Trustee,

on behalf of the holders of the J.P. Morgan Alternative Loan Trust 2007-S1 Mortgage

Pass-Through Certificates (U.S. Bank), appeals the circuit court's final summary

judgment entered against it on the bank's complaint to reform and foreclose a mortgage on Earl Holbrook's property.[1]  We review a ruling on summary judgment de novo. Treasure Coast Marina, LC v. City of Fort Pierce, 219 So. 3d 793, 802 n.13 (Fla. 2017); ALS Maxim I LLC v. Katsenko, 218 So. 3d 472, 473 (Fla. 2d DCA 2017).  As we observed in Katsenko:

> Summary judgment is appropriate "only if there is no genuine issue of material fact and if the moving party is entitled to judgment as a matter of law."  Reed v. Schutz Litig. LLC, 117 So. 3d 486, 488 (Fla. 2d DCA 2013) (quoting MarElia v. Yanchuck, Berman, Wadley & Zervos, P.A., 966 So. 2d 30, 33 (Fla. 2d DCA 2007)).  The movant "has the burden to establish *irrefutably* that the nonmoving party *cannot* prevail were a trial to be held."  Land Dev. Servs., Inc. v. Gulf View Townhomes, LLC, 75 So. 3d 865, 868 (Fla. 2d DCA 2011).

218 So. 3d at 473.

At the time the circuit court entered summary judgment, Mr. Holbrook had not filed an answer, nor had he responded to any of U.S. Bank's discovery requests. Indeed, Mr. Holbrook had adamantly refused to sit for his deposition, necessitating the filing of a contempt motion against him, which, at the time of the summary judgment hearing, was still pending.  On this record, then, it is clear to us that the circuit court's entry of summary judgment was premature.  See Brandauer v. Publix Super Mkts., Inc., 657 So. 2d 932, 933 (Fla. 2d DCA 1995) ("As a general rule, a court should not enter summary judgment when the opposing party has not completed discovery."); Colby v. Ellis, 562 So. 2d 356, 357 (Fla. 2d DCA 1990) ("As a general rule, it is premature to grant a motion for summary judgment where the opposing party has not completed its

---

[1]The mortgage contains a parcel identification number and street address but not a formal legal description of the property.

- 2 -

discovery and there are discovery motions pending before the court."); <u>Settecasi v. Bd. of Pub. Instruction of Pinellas Cty.</u>, 156 So. 2d 652, 654 (Fla. 2d DCA 1963) ("Although a plaintiff may move for summary judgment before the defendant has answered, the motion should not be granted unless it is clear that an issue of material fact cannot be presented."). Furthermore, the circuit court's summary judgment relied upon evidence concerning a prior civil proceeding and adjudication that Mr. Holbrook submitted for the first time at the summary judgment hearing. The circuit court's consideration of that evidence was also error. <u>See</u> Fla. R. Civ. P. 1.510(c) ("The movant must serve the motion at least 20 days before the time fixed for the hearing, and must also serve at that time a copy of any summary judgment evidence on which the movant relies that has not already been filed with the court."); <u>Verizzo v. Bank of New York</u>, 28 So. 3d 976, 977-78 (Fla. 2d DCA 2010) (reversing summary judgment of foreclosure where plaintiff failed to serve defendant with summary judgment evidence until eleven days before the hearing); <u>Mack v. Commercial Indus. Park, Inc.</u>, 541 So. 2d 800, 800 (Fla. 4th DCA 1989) (holding that moving party's summary judgment exhibits that were not served upon the non-moving party prior to the hearing could not be considered). Accordingly, we must reverse the circuit court's summary judgment.[2]

---

[2]Although these procedural errors necessitate reversal, we would note, for the benefit of the circuit court on remand, that U.S. Bank's *foreclosure* of this mortgage may not necessarily depend upon *reforming* it, as this instrument appears to contain a valid street address and parcel identification number. <u>Cf.</u> <u>Maynard v. Miller</u>, 182 So. 220, 221 (Fla. 1938) ("It is well settled in this jurisdiction that if the description of the land conveyed in a deed is such that a surveyor, by applying the rules of surveying, can locate the same, such description is sufficient, and the deed will be sustained if it is possible from the whole description to ascertain and identify the land intended to be conveyed." (citing <u>Walker v. Lee</u>, 40 So. 881, 882-83 (Fla. 1906))); <u>Mendelson v. Great W. Bank, F.S.B.</u>, 712 So. 2d 1194, 1196 (Fla. 2d DCA 1998) ("The rule is that a description is sufficient if, by relying on the description read in light of all facts and

- 3 -

Reversed and remanded.

CASANUEVA and BADALAMENTI, JJ., Concur.

---

circumstances referred to in the instrument, a surveyor could locate the land." (emphasis omitted) (citing Burns v. Campbell, 180 So. 46 (Fla. 1938))); 37 Fla. Jur. 2d Mortgages § 67 (2017) (observing that "the rules as to descriptions of real estate in mortgages conform to those prevailing with respect to descriptions in deeds." (emphasis omitted)).  This would appear to hold true regardless of the prior adjudication that may have been entered against the bank concerning this same mortgage in an earlier lawsuit.  Cf. Desylvester v. Bank of New York Mellon, ex rel. the Holders of the Alt. Loan Tr., 219 So. 3d 1016 (Fla. 2d DCA 2017); Bollettieri Resort Villas Condo. Ass'n, Inc. v. Bank of New York Mellon, 198 So 3d 1140 (Fla. 2d DCA 2016).  We cannot definitively resolve the substance of this controversy, however, because the circuit court's precipitous entry of summary judgment forestalled its development below.