NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JOSEPH RAISSI,                              )
                                           )
        Appellant,                      )
                                           )
v.                                         )    Case No.  2D17-2641
                                           )
GAIL VALENTE,                              )
                                           )
        Appellee.                       )
_____)

Opinion filed May 16, 2018.

Appeal from the Circuit Court for Pinellas
County; Thomas H. Minkoff, Judge.

Alexander Allred of Hillard, Cuykendall &
Allred, P.A., Largo, for Appellant.

Thomas John Dandar of Dandar Law
Group, P.A., Tampa, for Appellee.


LaROSE, Chief Judge.


        Joseph Raissi appeals the trial court's final summary judgment entered in

favor of his former business partner, Gail Valente.  We have jurisdiction.  See Fla. R.

App. P. 9.030(b)(1)(A).  We reverse, in part, because the trial court erred in granting

summary judgment on Mr. Raissi's counterclaim.  We affirm the final summary judgment

in all other respects without further discussion.

## Factual Background[1]

Mr. Raissi and Ms. Valente formed a limited liability company (LLC) to own and lease out a condominium in West Virginia. The condominium was the LLC's sole asset. The parties each used the condominium for personal vacations. Various disputes arose relating to the parties' payment for expenses and use of the condominium. Mr. Raissi eventually sold the condominium, without Ms. Valente's approval and without giving her a chance to buy the property.

As a result, Ms. Valente sued Mr. Raissi. Mr. Raissi filed a negligence counterclaim. He alleged that, without his knowledge or consent, Ms. Valente used his name and personal information to install a second telephone line at the condominium, and then failed to pay for this service. As a result, Mr. Raissi's credit suffered.

Ms. Valente later moved for summary judgment "on all or part of the issues in this case." In support of her motion, Ms. Valente claimed that Mr. Raissi testified at his deposition that he had no documents to support his counterclaim. Mr. Raissi filed an opposing affidavit. He asserted that the allegations in his counterclaim offered an "additional and factual basis to deny [Ms.] Valente's motion for summary judgment."

After a hearing on the motion, the trial court found that Mr. Raissi had no evidence to support his counterclaim, and held that Ms. Valente was entitled to summary judgment on that issue. Mr. Raissi unsuccessfully moved for reconsideration or clarification. The trial court subsequently entered a final summary judgment, again reciting that Ms. Valente was entitled to summary judgment on the counterclaim.

---

[1]We limit our discussion to those facts relevant to Mr. Raissi's counterclaim.

<u>Analysis</u>

Before us, Mr. Raissi maintains that the trial court erroneously ruled in favor of Ms. Valente on the counterclaim because (A) she failed to raise the counterclaim as an issue in her summary judgment motion, and (B) the record does not support the trial court's finding that Mr. Raissi had no evidence to support his counterclaim. More specifically, Mr. Raissi contends that his deposition reflects that he presently had no documentation to support the counterclaim; he did not concede that no documentation existed. Ms. Valente contends that she raised the counterclaim in her motion and demonstrated that Mr. Raissi could not prove his counterclaim.

We review a final summary judgment de novo. <u>See</u> <u>Wesner v. JMS Marinas, LLC</u>, 224 So. 3d 912, 915 (Fla. 2d DCA 2017).

Florida Rule of Civil Procedure 1.510(c) provides that a summary judgment movant must state in her motion "with particularity the grounds on which it is based and the substantial matters of law to be argued and must specifically identify [the summary judgment evidence] . . . on which the movant relies." This rule "eliminate[s] surprise and . . . provide[s] parties a full and fair opportunity to argue the issues." <u>H.B. Adams Distribs., Inc. v. Admiral Air of Sarasota Cty., Inc.</u>, 805 So. 2d 852, 854 (Fla. 2d DCA 2001) (holding that the summary judgment motion violated rule 1.510(c) because the motion failed to provide notice that count I was to be considered on summary judgment when the motion and its affidavit "did not identify count I as one of the matters to be argued" or address any facts relevant to count I). "It is reversible error to enter summary judgment on a ground not raised with particularity in the motion." <u>Gee v. U.S. Bank Nat'l Ass'n</u>, 72 So. 3d 211, 215 (Fla. 5th DCA 2011) (quoting <u>Williams v. Bank of Am. Corp.</u>, 927 So. 2d 1091, 1093 (Fla. 4th DCA 2006)).

After the movant properly raises a ground for summary judgment, she must then prove she is entitled to summary judgment.

> A movant is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, admissions, affidavits, and other materials as would be admissible in evidence on file show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

Estate of Githens ex rel. Seaman v. Bon Secours–Maria Manor Nursing Care Ctr., Inc., 928 So. 2d 1272, 1274 (Fla. 2d DCA 2006) (quoting Fla. R. Civ. P. 1.510(c)). To obtain summary judgment on Mr. Raissi's negligence counterclaim, Ms. Valente had to "show unequivocally that there was no negligence, or that [Mr. Raissi's] negligence was the sole proximate cause of the injury." See Wills v. Sears, Roebuck & Co., 351 So. 2d 29, 31 (Fla. 1977). "Courts must be particularly restrained in granting summary judgment in negligence cases . . . ." Grimes v. Family Dollar Stores of Fla., Inc., 194 So. 3d 424, 428 (Fla. 3d DCA 2016).

Ms. Valente filed her summary judgment motion over two years after Mr. Raissi filed his counterclaim. Her motion "state[d] that there exist[ed] no genuine issue of material fact, and that [Ms. Valente] [was] entitled to judgment as a matter of law on all or part of the issues in this case." Ms. Valente alleged in her motion that "[Mr.] Raissi admitted that he does not have any documentation to support the allegations in his counterclaim." On our record, we can conclude safely that Mr. Raissi received sufficient notice that his counterclaim was teed up for hearing.

Nevertheless, the trial court should not have entered summary judgment on the counterclaim. When Ms. Valente moved for summary judgment, Mr. Raissi "had no burden to come forward with the evidence necessary to prove [his] case." See Land

Dev. Servs., Inc. v. Gulf View Townhomes, LLC, 75 So. 3d 865, 869 (Fla. 2d DCA 2011). Instead, Ms. Valente had to demonstrate that Mr. Raissi could never prove his counterclaim. See id. She relied exclusively on Mr. Raissi's deposition. But Mr. Raissi testified only that, at the time of the deposition, he did not have any other documents besides his credit report to support his counterclaim. Mr. Raissi did not testify that he had no evidence whatsoever or that he could never obtain any evidence.

In fact, Mr. Raissi testified that he did not secure the second telephone line, and that Ms. Valente had a personal telephone line at the condominium. He further testified that there was an unpaid phone bill in his name linked to the condominium, and that the unpaid phone bill negatively affected his credit score and prevented him from refinancing his own properties. We are not convinced by Ms. Valente's argument that Mr. Raissi's self-serving statements are insufficient to defeat summary judgment. Cf. United States v. Stein, 881 F.3d 853, 858-59 (11th Cir. 2018) ("A non-conclusory affidavit which complies with [Federal Rule of Civil Procedure 56] can create a genuine dispute concerning an issue of material fact, even if it is self-serving and/or uncorroborated."). Moreover, Mr. Raissi was not required to defeat summary judgment when Ms. Valente failed to meet her initial burden of showing the absence of any material fact.

Ms. Valente's reliance on the deposition testimony was insufficient to entitle her to a summary judgment. See Land Dev. Servs., Inc., 75 So. 3d at 869 (reversing summary judgment because "Gulf View's bare assertion that the original note was not 'in evidence' at the time of the hearing was legally insufficient to meet its burden to prove that Land Development could not prevail were a trial to be held" (emphasis omitted)); Kenyon v. Polo Park Homeowners Ass'n, Inc., 907 So. 2d 1226, 1228 (Fla. 2d

DCA 2005) ("The Association did not carry its burden by simply filing a motion in which it argued that the Kenyons had no evidence to support their claims.").  Therefore, we reverse the trial court's final summary judgment as it pertains to Mr. Raissi's counterclaim, and remand for further proceedings consistent with this opinion.

Affirmed, in part, reversed, in part, and remanded with directions.


CRENSHAW and LUCAS, JJ., Concur.